TRACY ET AL. V. BEESON ET AL.

1. **Practice**: FAILURE TO RECORD DECREE. Where the clerk omitted to enter upon the records of the court a decree which had been duly signed, and, the term of office of the judge before whom the cause was tried having expired, his successor directed that the cause be referred; *held* that the clerk should have been ordered to spread the decree upon the proper book of records, and that it was erroneous to disregard the decree, and order a reference of the cause for trial anew.

*Appeal from Webster District Court.*

SATURDAY, OCTOBER 20.

THE plaintiffs appeal from an order of reference of this cause to D. D. Chase, Esq., made on the 2d day of October, 1875, upon motion of the defendants. The facts are stated in the opinion.

*Clark & Moulton*, for appellants.

*O'Connell & Springer*, for appellees. ·

DAY, CH. J.—The facts disclosed by the original and amended abstracts are as follows: On the 7th day of August, 1874, the

1. PRACTICE: failure to record decree.

plaintiffs filed in this cause a paper denominated a decree, signed D. D. Chase, judge, he being at that time judge of the 11th judicial district, in which the cause was pending. This paper recites that on the 14th day of March, 1874, being the 12th day of the March term of the District Court of Webster county, the cause came on for hearing. In it the facts are fully found, and there is a complete, full, formal and final decree confirming and establishing plaintiffs' title to the premises in controversy, and adjudging that the possession thereof by defendants is unauthorized, and that they pay all the costs of the action. The proceedings of said court for the March term, 1874, were kept on pages from 101 to 302 inclusive. On the 302d page, immediately following the proceedings of the term, is the signature of the judge, preceded by the words: "Records of the term read and approved." This approval and signature were upon the record on the 1st Monday in January, 1875, when the records passed into the hands of the new incumbent of the clerk's office, and at that time there was upon the 209th page a blank space, with the title of this cause in the words following, to-wit: "A. H. Tracy et al. v. Richard Beeson et al. In equity, No. 228."

On the 2d day of October, 1875, the term of office of Judge Chase having expired, the defendants filed a motion to refer the cause. The court sustained the motion, and appointed D. D. Chase, Esq., referee to hear the evidence in writing, and to hear, try and determine the cause, and report to the next term of court. In the month of March, 1876, in vacation, at the request of plaintiffs' counsel, the clerk entered and copied upon page 209 of the record of the March Term, 1874, a decree in the cause establishing and confirming plaintiffs' title, in effect, though not literally, the same as the paper found in said cause, signed by Judge Chase. On the 13th of April, 1876, the plaintiffs perfected an appeal from the order referring the cause. On the 23d day of October, 1876, the appellees filed in the District Court a motion to expunge said decree from the record, and served notice thereof returnable at the

March Term, 1877, of said District Court. Appellees now move that this cause be continued until the June Term, 1877, to await the determination of this motion in the court below. As this decree was copied into the record after the order of reference was made, it cannot affect the propriety of that order, and whether it be expunged or not can make no difference with the question pending on this appeal.

The question is, was it proper to order a reference of the cause, when the files in the case showed that it had been submitted to and fully determined by the judge of the court, and contained a full and formal decree, signed by him? We must presume that the judge intended that the decree, bearing his signature, should be entered upon the records, for this is the usual and proper course. That the clerk intended to so enter it is evidenced by the fact that the record contains the title of the cause, followed by a blank space. Suppose, then, that Judge Chase's term had not expired, and the motion had been made before him for a reference and retrial of the cause. Would he have been justified in ordering a reference and reconsideration of the case? We think not. From the files of the case it would have appeared that the cause had been submitted and determined. Not only that, but it would also have fully and clearly shown precisely what the adjudication was. It would have appeared that, from some cause, a purely ministerial duty had been omitted, and it would have been his province to have ordered that ministerial duty to be then performed. The fact that before the omission was discovered the term of the judge who tried the cause expired can make no difference. The court remained the same, though the incumbent of the office of judge was different. Such omissions as this very frequently occur in the *nisi prius* courts, and it would involve inexplicable and interminable confusion if a decree in due form, final and complete, properly signed by the judge and filed with the case, should be held to be a nullity, and to necessitate a retrial, simply because of the omission of the clerk to copy the decree into the proper record book. It frequently happens that upon the last day of a term a number of causes are determined, of which it is impossible that the

record should be prepared before the adjournment. Section 177 of the Code applies to such a case, and provides: "When it is not practicable to have all the records prepared and thus approved during the term, they may be read, corrected and approved at the next succeeding term." At the time the cause is tried the judge makes a brief memorandum of the judgment upon the margin of the court calendar, and from this the clerk makes up the record in vacation. Now if a judge's term should expire with the records in this condition, it could not be claimed that all causes standing in that position must be retried by his successor. Or suppose that, at the next succeeding term, by some mistake, neglect or omission, the record of some cause tried at the preceding term should not be entered up formally and approved. Can it be that the judge would not have power afterward to direct an entry *nunc pro tunc* to supply the omission, and that the cause must be again tried? Such cannot be the law. It is said, however, that section 178 of the Code provides that "the record aforesaid is under the control of the court, and may be amended, or an entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge;" and it is claimed that this, by implication, denies such control after the entry is so signed. But this evidently refers to a record which is made in a cause, and not to a case of an entire omission to spread upon the proper book a record of the court's action.

We think the court should have ordered the clerk to spread upon the proper book a copy of the finding and decree signed by the judge, and that, in disregarding this finding and decree, and ordering a reference of the cause for trial anew, the court erred.

REVERSED.

ADAMS, J.—I concur in the result reached in this case, but I do so upon the following ground: The appellant's abstract, if taken as showing all the facts, certainly entitles him to a reversal. It is conceded that the entry appears now to be regular. The facts upon which the appellee relies I do not think are shown to us in such a way that we can take notice of them.