STATE OF IOWA, *ex rel.*, STANFORD DOUD, Appellant, v. J. H. COUNCIL, *et al.*

**Incorporation of Town:** COURT AND JUDGE. Under McClain's Code, sections 569, 570 providing for application to the district court for the incorporation of a town, and the appointment by the court of commissioners to call an election to determine the question of incorporation, the application must be presented to the court, and the order of appointment issued by it, and not by the judge.

**Estoppel by Recital in Decree:** PARTIES. One not a party to proceedings to incorporate a town is not prevented, by a recital in the order appointing commissioners to call an election, that the proceedings were had before the court, from showing they were had before the judge.

*Appeal from Marion District Court.*—HON. J. H. HENDERSON, Judge.

FRIDAY, DECEMBER 16, 1898.

*Quo warranto* proceedings to test the right of the defendants to exercise the functions of members of the town council of the incorporated town of Bussey, in Marion county. The trial court sustained a demurrer to the petition, and plaintiff appeals.—*Reversed.*

*Geo. W. Crozier* for appellant.

*L. N. Hayes* for appellees.

DEEMER, C. J.—The short facts recited in the petition are that the defendants are unlawfully and illegally holding office as members of the town council of the town of Bussey, for the reason that the town was never legally incorporated. It is charged that no petition of the inhabitants of the territory proposed to be incorporated was ever presented to the district court of Marion county, no commissioners were ever appointed by said court to hold the election to determine the question of

incorporation, no persons were ever appointed commissioners by the district court, and no proceedings of record were ever had in the district court of Marion county for the incorporation of the territory, and no order of record was ever made by any court of record incorporating said town or territory, or authorizing any persons to hold an election to determine the question of incorporation. It is conceded in the petition that while the district court of Marion county was in session a petition in due form was presented to Hon. J. H. Henderson, judge of said court, and that an order was signed by the said judge, finding the petition sufficient, and appointing commissioners to call an election and give notice as provided by law. And it is further conceded that the commissioners so appointed called an election, and that at said election a majority of the votes cast was in favor of incorporation, and that the result of said election was duly reported to the clerk of the district court of Marion county. It is further conceded that at an election called for the purpose of selecting members of the town council the defendants, and each of them, received a majority of the votes cast. But it is charged that the petition for incorporation was not filed in or presented to the district court, or entered upon any docket or record of said court, nor was any trial or proceeding had thereon, or entered of record in said court. It is further charged that the order made by Judge Henderson was not an order of court, was not entered of record until some time after the election was held, and was then entered by the clerk in a book known as the "Complete Record," in the office of said clerk. It is also alleged that the election called and held by the commissioners, as well as the election for selecting members of the town council, was illegal, for the reason that no proceedings were pending for the appointment of the said commissioners, and no order was ever made by the court appointing the commissioners, or authorizing the election. Further, it is alleged that nothing was ever done or entered of record in the said district court in relation to said incorporation, except as heretofore stated, nor was the result of the aforesaid elections returned, filed, or indexed of record in the clerk's office of said

Marion county. The order signed by Judge Henderson is also in the record, and, aside from the signature of the judge, it appears to have been made by the district court. The demurrer is upon the ground that the facts stated in the petitoin do not entitle the plaintiff to the relief demanded, or to any relief whatever, for the reason that it appears that the town was legally incorporated, and that the defendants were the duly elected and qualified officers of said town.

The provisions of law relating to the incorporation of towns and cities are as follows: "When the inhabitants of any part of any county, not embraced within the limits of any city or incorporated town, shall desire to be organized into a city or incorporated town, they may apply by petition in writing, signed by not less than twenty-five of the qualified electors of the territory to be embraced in the proposed city or incorporated town to the district court of the proper county, which petition shall describe the territory proposed to be embraced in such city or incorporated town, and shall have annexed thereto an accurate map or plat thereof and state the name proposed for such city or incorporated town and shall be accompanied with satisfactory proofs of the number of inhabitants within the territory." "When such petition shall be presented the court shall forthwith appoint five commissioners who shall at once call an election of the qualified electors residing within the territory embraced within the limits as described and platted to be held at some convenient place within said limits," etc. See sections 569 and 570 of 1 McClain's Code, and sections 421 (as amended by Eighteenth General Assembly, chapter 79) and 422 of the Code of 1873. It will be observed that the petition must be presented to the district court, and that the court must appoint the commissioners. The distinction between a judge and a court is too familiar and too well understood to demand explanation. And a court may do many things which a judge cannot do. To give existence to a court, there must be present the officers constituting it,—the judge. or judges, and probably the clerk authorized to record the action of the court. Time must also be regarded, for the offi-

cers of the court must be present at the time and place appointed by law. *Hobart v. Hobart,* 45 Iowa, 501. These propositions are not seriously controverted by appellees. Their claim is that the facts stated show that the petition was presented to, and an order made by, the court—not by the judge. To this we cannot lend our assent. True it is that the order recites that it was made by the court, but this is not conclusive. The relator was not a party to the original proceedings, and is not bound thereby, unless the statutes were strictly followed. He may prove, if he can, that, notwithstanding the recital in the order, the proceedings were had before the judge, and were therefore illegal. He has charged that they were so had, and, if he is able to prove his charge, he is entitled to the relief demanded. Appellees rely upon the case of *Tracy v. Beeson,* 47 Iowa, 155. An examination of that case, however, will show that it is clearly distinguishable. There it appeared that a decree had in fact been rendered by the court, but for some reason it had not been entered upon the records by the clerk. After the decree had in fact been rendered, but before it was recorded, the court ordered a reference of the case. Pending the reference the clerk entered the decree, which had been signed by the judge, upon the records of his office. Appeal was taken from the order of reference, and it was held that it was not proper to make such order when the files showed that the cause had been fully submitted to and determined by the court, and contained a full and formal decree signed by the judge thereof. In the opinion it is said that failure to record the decree was not such an omission as to necessitate a retrial, and that it was the province of the court to order the clerk to perform the purely ministerial duty of recording the decree at any time. Were it not for the distinct allegation in the petition in the case at bar that the district judge, and not the district court, made the order, the case might be considered parallel. As the district court did not make the order, there was nothing to record. We are of opinion that the demurrer was improperly sustained, and the judgment is REVERSED.