PRESTON, C. J., EVANS and GAYNOR, JJ., concur.

---

EVA R. SNYDER et al., Plaintiffs, v. W. H. FAHEY, Judge, Defendant.

**APPEAL AND ERROR:** Correction of Judgment—Certiorari (?) or
1  Appeal (?).· Review of an order of correction of a judgment
must be had by appeal, and not by certiorari, unless the order
of correction is one which is absolutely *void*.

JUDGMENT: Abatement (?) or Bar (?)—Nunc Pro Tunc Order.
2   Lapse of time is no obstacle to the jurisdiction of the court, as
    between the parties to a judgment, to make a *nunc pro tunc*
    entry.  So held where the judgment inadvertently failed to
    state that it was in *abatement*, and not in *bar*.

JUDGMENT: Nunc Pro Tunc Order—Correctness. A judgment, ap-
3   parently in bar, but shown beyond question by the entire record
    to have been in abatement, will, as between the immediate par-
    ties, be corrected by an appropriate *nunc pro tunc* entry.

*Certiorari from Guthrie District Court.*—W. H. FAHEY,
Judge.

JUNE 24, 1918.

CERTIORARI to a judge of the district court, whereby it
is sought to annul an order entered by the defendant judge.
The order was one of correction of an entry of his court.—
*Affirmed.*

*C. A. Robbins* and *R. O. Garber*, for plaintiffs.

*Weeks & Vincent*, for defendant.

EVANS, J.—The record involved was made in the case
of *Citizens State Bank v. Snyder.* This was a forcible en-
try and detainer suit, brought by the plaintiff therein be-
fore a justice of the peace in Dallas County,
to recover the possession of real estate, and
transferred to the district court of said
county, where trial was had.  Defenses in
abatement were pleaded in such action. For
the purpose of this proceeding, it may be deemed also that
a defense in bar was pleaded.  A judgment was entered
therein, dismissing the petition.  The judgment entry did
not, in terms, indicate whether the judgment was in bar or
in abatement.  The effect of this omission was to raise a
presumption in favor of the bar.  The plaintiff therein filed
a motion, supported by a showing, asking a correction of

1. APPEAL AND
   ERROR: cor-
   rection of judg-
   ment: cer-
   tiorari (?)
   or appeal (?)

the record so that the judgment entry should show, in terms, the ground of the dismissal. The showing in support of the motion was, in substance, that the defenses in abatement were the only ones litigated, and the only ones to which evidence was adduced; that, in fact, the ground of the dismissal was in abatement; and that such ground was, through mistake or oversight, omitted from the judgment entry. The application for correction came on for hearing, both parties appearing, before the same judge who entered the original judgment, and who is now defendant herein. His testimony was taken and incorporated in the record, and the same fully sustained the claim of mistake in the judgment entry. It was accordingly corrected, so as to show that it was based upon the defense in abatement, and not upon the defense in bar. Though the plaintiff's application for a correction was denominated a *motion*, and purported to be supported by an affidavit which recited the facts, the parties appear to have treated the motion and affidavit together as a pleading, in the nature of a petition, and the defendant demurred thereto on the ground that it was barred by the statute of limitations, in that it was not brought within one year. This demurrer being overruled, the defendant answered, and again pleaded the statute of limitations. The defendant therein is the plaintiff herein, and seeks here to annul the order of correction of the record in the forcible entry and detainer suit.

I. The defendant herein challenges the right of the plaintiff herein to maintain this certiorari proceeding, because she had plain, speedy, and adequate remedy by appeal. The plaintiff's abstract does not specifically disclose what particular question is presented to us for review. No reference is made therein to the writ of certiorari, nor to the affidavit in support thereof, nor to the particular grounds upon which the issue of the writ was demanded. All this is left to inference. That the plaintiff had a right

to appeal from the order of correction is undeniable. It is by this course that such orders have heretofore come before us for review. No case is cited to us wherein we have heretofore reviewed such an order on certiorari. That the remedy by appeal is, ordinarily, speedy and adequate, seems also undeniable. The order in question was entered in May, 1917. The defendant therein (plaintiff herein) did perfect an appeal therefrom to this court on June 1, 1917. The cause was pending in this court on such appeal until December 22, 1917, when the appellant therein (plaintiff herein) dismissed the appeal, being then in default for failure to file abstract within the statutory time. On the same day, she served a second notice of appeal, and this purported appeal was also dismissed, a month later. Some time thereafter, this proceeding was begun. The appeal taken on June first would have come on for submission, in ordinary course, at our January, 1918, term. The present proceeding was not instituted until after that time. No question is presented to us herein which could not have been fully considered on such appeal.

Unless it can be said, therefore, that the order of correction by the district court was without jurisdiction, in the sense that it was wholly void, and therefore subject to attack by any procedure, collateral or otherwise, the remedy for its review was by appeal, and not by certiorari. We proceed, therefore, to the question of jurisdiction.

II. Plaintiff assumes that the application for a correction of the record below rests upon Sections 4093 and 4094 of the Code. This is an erroneous assumption, and undermines the plaintiff's entire argument. These sections are found in the chapter relating to "Proceedings to Reverse, Vacate or Modify Judgments in the Trial Courts." The application below is not based upon any mistake or omission on the part of the clerk, nor upon any irregular-

2. JUDGMENT: abatement (?) or bar (?): nunc pro tunc order.

ity in obtaining the judgment; nor was it an application to "reverse, vacate or modify" the judgment. The application in question invoked a power of the court which we. have frequently held to be inherent in the court, and which has recognition in Code Sections 244 and 4127. This may be designated as a general power of *nunc pro tunc* entry, which is frequently exercised for the correction of mistakes in the record, either of omission or of commission. It is not a power to review or to change, but it is the power to enter upon the record *now* what was actually done, and what was intended to be entered upon the record *then*. Its function is *now* to supply or perfect the record evidence of ·what was *then* actually done by the court. In *Fuller & Co. v. Stebbins,* 49 Iowa 376, a *nunc pro tunc* entry of judgment was ordered of record which was intended to have been made three and a half years before. It was held therein that the power to so do was inherent in the court, and was not barred by the lapse of time. A similar holding was made in *Hofacre v. Monticello,* 128 Iowa 239; *Puckett v. Guenther,* 137 Iowa 647; same case, 142 Iowa 35; *Dowling v. Webster County,* 154 Iowa 603; *Lambert v. Rice,* 143 Iowa 70.

In the *Dowling* case, we said:

"The time within which a record may be corrected is not limited by the above statute, and only laches or equitable considerations will obviate the remedy provided."

In the *Lambert* case, we said:

"The right of the court to correct an evident mistake in the record is inherent. It is not forbidden by the statute, nor affected by the mere lapse of time. The correction asked in this case is in the nature of a *nunc pro tunc* entry. It in no sense qualifies the former action of the court, but causes such former action of the court to appear correctly upon the record, according to the very truth as it was at that time."

The foregoing relate to the exercise of the power of correction, as between the parties to the judgment. Notice to the adverse parties is requisite to such proceeding, and intervening equities of third parties are entitled to due protection.

It will be seen, therefore, that the court did have jurisdiction of the subject-matter of such application for a correction. Though it err in making the correction, its jurisdiction would not be affected thereby.

Upon the record before us, however, the court did not err in making such correction. The pleadings and the evidence in the forcible entry and detainer suits are incorporated in the abstract herein. On the trial of the forcible entry suit, no competent evidence was offered or introduced by the defendant, except in support of her defenses in abatement. The case was finally submitted upon a pending motion of the defendant therein for a dismissal of plaintiff's petition on specified grounds, which were wholly in abatement. There is no room for doubt that the omission from the judgment entry of the ground of the dismissal was a mere oversight and mistake, and that the presumption arising from such omission failed to express what was actually done by the court. The order of the district court is, therefore,—*Affirmed.*

3. JUDGMENT: *nunc pro tunc* order: correctness.

PRESTON, C. J., LADD and SALINGER, JJ., concur.