WILLIAM ARND, Appellant, v. L. L. POSTON, Appellee.

**JUDGMENT: Entry—Nunc Pro Tunc Entry Mandatory.** Failure of the clerk formally to enter a judgment which the court, in the shorthand notes, had definitely directed to be entered, *obligates* the court, on proper application, to enter a *nunc pro tunc* judgment to supply the omission.

**APPEAL AND ERROR: Time for Appeal—Nunc Pro Tunc Judgment.** Time for appeal is computed from the date of *actual* entry of judgment, and not from the date when the entry ought to have been made. So held as to a judgment *nunc pro tunc.*

Headnote 1: 34 C. J. p. 74. Headnote 2: 3 C. J. p. 1058.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

APRIL 7, 1925.

THE plaintiff filed motion for a *nunc pro tunc* order, which motion was overruled. Plaintiff appeals.—*Reversed and remanded.*

*George H. Mayne,* for appellant.

No appearance for appellee.

ALBERT, J.—The original case was on trial on the 27th of November, 1922, to a jury.   On the 28th of November, at the close of all the testimony, plaintiff and defendant each filed a

1. JUDGMENT: entry: *nunc pro tunc* entry mandatory.

motion for a directed verdict in their favor. The court discharged the jury, and on the 6th of December ruled on said motions, overruling the defendant's motion and sustaining the plaintiff's motion for a directed verdict, and on that date dictated to the official shorthand reporter the following:

"Ruling and Order of Court.

"At the close of all the testimony in said case, both plaintiff and defendant have each made a motion to direct a verdict; and the court having announced that one motion or the other would have to be sustained, and having discharged the jury, and the court now being fully advised in the premises, orders and adjudges that the defendant's motion be overruled, and that the plaintiff's motion for a directed verdict be, and the same is, hereby sustained.

"And it is ordered and adjudged that the plaintiff have and recover of the defendant the sum of $500 and interest thereon at 6 per cent from September 15, 1920, amounting at this time to the sum of $565, together with costs of this action, and not including any attorney fees.

"To all of which the defendant at the time duly excepts."

The shorthand notes were filed with the clerk on said date of December 6, 1922.   The record rested in this condition until November, 1923, when plaintiff discovered that no judgment entry had been made.

On the 13th day of that month, he filed a motion for a *nunc pro tunc* judgment entry, to complete the record, setting out the facts above related, and alleging that, through oversight and error, same had not been transcripted to the clerk of the court, and no judgment had been entered thereon; and asked that a *nunc pro tunc* order be made, directing the clerk to enter judgment in conformity with the record as shown by the notes of the official shorthand reporter, transcript of which was attached to the motion.

On the 19th of November, 1923, defendant filed resistance to

said motion for the *nunc pro tunc* order. The principal part of this motion is a review of the merits of the original controversy, a claim that the court lost jurisdiction by discharge of the jury before the ruling on the motion to direct, and admission that the presiding judge did dictate to the shorthand reporter the ruling attached to plaintiff's motion; and defendant alleges that, if a *nunc pro tunc* order were now to be entered, it would deprive the defendant of his right of appeal.

On the 31st of December, 1923, this motion and resistance having been fully submitted, the court made the following order, judgment, and ruling thereon:

"The motion for *nunc pro tunc* judgment is overruled for the reason that to now enter judgment *nunc pro tunc* would prevent appeal from the proceedings prior thereto. The submission is hereby set aside, and the case reinstated for trial in regular order, as though no submission had ever been had; and plaintiff excepts."

It is fundamental law that courts possess the inherent power to correct the record and enter judgments *nunc pro tunc,* and the lapse of time is no obstacle to the exercise of such power. *Snyder v. Fahey,* 183 Iowa 1118; *Fuller & Co. v. Stebbins,* 49 Iowa 376; *Hofacre v. Monticello,* 128 Iowa 239; *Puckett v. Guenther,* 137 Iowa 647; same case, 142 Iowa 35; *Dowling v. Webster County,* 154 Iowa 603; *Lambert v. Rice,* 143 Iowa 70; *Shephard v. Brenton,* 20 Iowa 41; *Day v. Goodwin,* 104 Iowa 374; *Doughty v. Meek,* 105 Iowa 16; *Mahaska County v. Bennett,* 150 Iowa 216; *Locher v. Livingston,* 168 Iowa 457; *Shelley v. Smith,* 50 Iowa 543.

This right to so enter a *nunc pro tunc* judgment exists when there is anything in the record of the case which shows that a judgment was announced by the court. Even the minutes of the judge's calendar, while not forming a part of the record, may be accepted as evidence tending to show that a judgment was actually rendered. *Mahaska County v. Bennett,* supra. The shorthand notes of the official reporter, when filed, become a part of the record. Section 3675, Code of 1897 (Sections 11456, 11457, Code of 1924).

While, under *Snyder v. Fahey,* supra, notice to the adverse party is necessary, it is waived in the present case by the de-

fendant's appearance and filing resistance to the motion. Under this line of authority, there can be no question but that the district court had the power to make this *nunc pro tunc* judgment, as prayed. The court, as shown by the record, was of the opinion that it ought not to be made, however, because it would deprive the defendant of his right of appeal. While it is usually the rule that *nunc pro tunc* orders for judgment, when made, relate back, and make the judgment of validity from the date when it should have been entered, yet this is not true for all purposes. It is settled in this state that, in determining the right of appeal, this rule has no application. In determining the commencement of the time for appeal, the date when the judgment is actually spread upon the record is the date from which this time is calculated. See *Hoffman-Bruner Granite Co. v. Stark,* 132 Iowa 100; *Doughty v. Meek,* supra; *Vanfleet v. Phillips,* 11 Iowa 558; *Thompson v. Great Western Accident Assn.,* 136 Iowa 557. The district court was mistaken in its interpretation of the law in this respect; and, had it granted the motion as prayed, the appeal would commence to run from the date of the entry of the *nunc pro tunc* judgment. It follows, therefore, that the court should not have set the former trial aside and reset the case for trial. See *Day v. Goodwin,* supra, and *Tracy v. Beeson,* 47 Iowa 155. The case is reversed and remanded, with instructions to the district court to grant the order for a *nunc pro tunc* judgment, as prayed.—*Reversed and remanded.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.

*2. APPEAL AND ERROR: time for appeal: nunc pro tunc judgment.*