**STATE of Iowa, Appellant,**

v.

**Thomas Edwin ONSTOT, Appellee.**

**No. 61083.**

Supreme Court of Iowa.

July 26, 1978.

Richard C. Turner, Atty. Gen., David A. Lindine, and John G. Mullen, Asst. Attys. Gen., for appellant.

Robert D. Taha, Des Moines, for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

We dismiss as tardy the State's appeal from a trial court ruling which back dated the effective date of an order of driver's license revocation.

Because Thomas Edwin Onstot (defendant) gathered a long record of traffic offenses the State brought this action under the habitual offender provision of the motor vehicle code. §§ 321.555 through 321.562, The Code.[1]

On May 31, 1977 the trial court filed its ruling which provided in part:

" * * * [T]he court * * * finds that the defendant herein has had his license suspended for the approximate last one year, and;

"It is therefore ordered, adjudged, and decreed: that the defendant is an habitual offender as defined in Section 321.555(2) of the Iowa Code, and his license to operate a motor vehicle in this state shall be revoked

---

1. Section 321.555 defines habitual offenders in two general categories. Section 321.559 provides for a judicial determination a license holder is an habitual offender who must then surrender all licenses or permits to operate motor vehicles in Iowa. Section 321.560 provides for a period, *running from judgment*, during which the habitual offender shall not be issued a new license. Under these provisions defendant, in view of his violations, was subject to a one-year revocation.

and he shall not operate a motor vehicle in this state for a period of one (1) year said year commencing June 15, 1976, and continuing until June 15, 1977."

For reasons the State attempts to develop in its brief, but which are not a part of the record, the trial court on August 18, 1977 issued what it denominated an order nunc pro tunc. That order provided:

"Now on this 18 day of August, 1977, the court having observed that there is some confusion as to the effective date of the court's judgment entry entered on May 31, 1977, the court makes the following addition to clarify same; and

"It is therefore ordered, adjudged, and decreed that the date of judgment in the within cause is stated to be June 15, 1976."

The State filed notice of this appeal September 13, 1977.

 I. There is no discernible distinction between the trial court's order of May 31, 1977 and the so-called nunc pro tunc order August 18, 1977. Both orders attempted in the same way to frustrate the clear demands of the statute as to the effective date of the revocation. The statute requires revocations to run from the date of judgment. The trial court devised an improper way to impose a period of revocation differing from that provided by statute.

We deplore the action of the trial court in selecting a past date from which to pretend judgment was to run. Nevertheless this appeal was not brought within 30 days from final judgment. The appeal is therefore untimely under rule 5, Rules of Appellate Procedure, unless it could for some reason be considered an appeal from the nunc pro tunc order August 18, 1977.

 II. An order nunc pro tunc is allowed on a limited basis for the retroactive correction of errors or omissions in the form of prior orders. We explained such orders in *Ruth & Clark, Inc. v. Emery*, 235 Iowa 131, 134, 15 N.W.2d 896, 898 (1944):

" * * * It is true that a court may make orders nunc pro tunc, but this is only done to *show now* what was actually *done*

*then*, and its function is not to change but to show what took place. The application for an order to correct the record to show an application which was not made cannot be entertained. [Authorities]." (Emphasis added.)

It is generally held an order nunc pro tunc cannot furnish the basis of extending the time in which to file an appeal. 5B C.J.S. Appeal & Error § 1956, p. 522; 4 Am.Jur.2d, Appeal and Error, § 293, pp. 783–784.

 Time for filing of this appeal was not extended by the so-called order nunc pro tunc. We do not wish to be understood as placing our imprimatur on the action of the trial court. However the appeal was filed too late.

APPEAL DISMISSED.