Eldon Leroy **FEDDERSEN**, Appellant,

v.

Merle Richard **FEDDERSEN** and Bernice C. Feddersen, Appellees.

No. 61348.

Supreme Court of Iowa.

Nov. 22, 1978.

Rehearing Denied Jan. 19, 1979.

Norton, Freese, Zearley & Bates, Lowden, for appellant.

Casterline, Hamiel & Dendinger, Tipton, for appellees.

Considered by REES, P. J., and UHLEN-HOPP, HARRIS, ALLBEE and LARSON, JJ.

HARRIS, Justice.

We affirm the trial court's entry of a nunc pro tunc order which corrected the form of a partition decree.

Plaintiff Eldon Feddersen and defendant Merle Feddersen are brothers. Their father, Harry E. Feddersen, died in October of 1965 leaving 120 acres of land as part of his estate. Forty of those acres were owned in his name alone; an adjoining 80 acres were owned as joint tenants by Harry Feddersen and his wife, Florence, the mother of the parties.

After her husband's death, Florence Feddersen owned the 80 acres by operation of the joint tenancy. She received a life estate in the 40 acre tract under her husband's will. Eldon and Merle were remaindermen.

Florence entered into an installment real estate contract with Merle and Merle's wife on March 1, 1968, selling the 80 acre tract which she owned, and purporting to sell the 40 acre tract in which she held only a life estate.

This suit was brought June 24, 1976, by Eldon, to partition the 40 acres. Although he now urges the suit was for relief as to the entire 120 acres, it was not. It is unlikely any further relief could be sought. Rule 275, Rules of Civil Procedure. Eldon argued only for it and the trial court's original decree ordered only the partition of the 40 acres.

After partition of the 40 acres was ordered, Merle filed a notice of appeal, but dismissed it when the parties attempted to settle their differences. In that settlement Eldon sold his share of the 40 acre tract to Merle.

On October 13, 1977, Merle filed the motion for a nunc pro tunc order which is the subject of this appeal. The trial court was asked to rule whether the judgment of partition in any way voided the land contract as it related to the 80 acre tract. The motion was resisted by Eldon who claimed, in part, that the motion for a nunc pro tunc order was an effort by Merle to alter or modify the settlement. After hearing, the trial court entered the nunc pro tunc order on November 22, 1977, some 202 days after the original entry of judgment. In this appeal by Eldon, the sole issue is whether the trial court erred in entering the nunc pro tunc order.

I. An Iowa statute provides: "The record of any court proceedings is under the control of the court and, except as provided in section 789A.6 [discharge from probation in criminal cases], may be amended or any entry therein expunged before it has been signed by the judge or within sixty days thereafter." § 602.15, The Code. Another section provides: "Entries made and signed, unless amended or expunged as above provided, may be altered only to correct an evident mistake." § 602.17, The Code. We mentioned the purpose of a nunc pro tunc order in *State v. Onstot*, 268 N.W.2d 219, 220 (Iowa 1978):

"An order nunc pro tunc is allowed on a limited basis for the retroactive correction of errors or omissions in the form of prior orders. . . . :

" ' . . . It is true that a court may make orders nunc pro tunc, but this is only done to *show now* what was actually *done then*, and its function is not to change but to show what took place. . . .' " (Emphasis in original.)

■ We have long recognized that, after expiration of the statutory period, the use of a nunc pro tunc order is still allowable, but for a more limited purpose. The distinction was explained in *Freshour v. Freshour*, 233 Iowa 1144, 1147, 11 N.W.2d 375,

376 (1943) as follows: "The decisions uniformly hold that courts have inherent power to make orders nunc pro tunc to make their records 'speak the truth,' and that lapse of time and statutory limitations are no obstacles to the exercise of such power. [Authorities]." The distinction was expanded in *Headley v. Headley*, 172 N.W.2d 104, 108 (Iowa 1969):

"The distinction, then as now, is this: The power of the court to cause the record to conform to the judicial pronouncement is inherent, and is not affected by the mere lapse of time; before entry and signing, the power is exercisable as the judge may direct; thereafter, the power is no less inherent, though its exercise is limited to correction of 'evident mistakes.'"

◼ We think a nunc pro tunc order entered beyond the 60 day period is appropriate in one situation in addition to those involving "evident mistakes." In this case the nunc pro tunc order may not have been necessary because there was no inconsistency between it and the original decree. This is because, as we have said, any claim the 80 acre tract was included in the partition action must have arisen long after the original decree was entered. But the nunc pro tunc order was sought as helpful for the very reason it was consistent. It was sought to settle an argument about the decree in which there was no mistake. The nunc pro tunc order merely confirmed the original decree and made it more explicit. We hold it was appropriate for this purpose.

There was no error.

AFFIRMED.