Charles F. McVAY d/b/a McVay
Instruction Company, Appellee,

v.

KENNETH E. MONTZ IMPLEMENT
COMPANY, Appellant.

No. 61671.

Supreme Court of Iowa.

Jan. 23, 1980.

J. L. Kuehnle of Sebesta & Kuehnle, Mechanicsville, and Robert E. Dreher of Dreher, Wilson, Adams & Jensen, Des Moines, for appellant.

Robert D. VanHorne, Cedar Rapids, for appellee.

LeGRAND, Justice.

This is a case involving the entry of an ex parte nunc pro tunc order upon plaintiff's application. The order increased the judgment against defendant from $1,187.06 to $15,187.06. Defendant appeals. We reverse and remand.

In 1974 plaintiff and defendant orally agreed for the construction of several buildings. Various controversies developed, most of which concerned insulation. Eventually defendant took over the insulation work himself, and plaintiff performed the rest of the contract. The evidence is conflicting, but defendant claims to have paid approximately $15,000.00 for insulation which the contract originally obligated plaintiff to supply.

The principal issue at trial concerns whether defendant was to have credit on his contract for the insulation he obtained elsewhere. In other words, was plaintiff to be paid the same, even though he did not fulfill an important part of the contract?

On January 11, 1978, the trial court entered judgment for plaintiff in the amount of $1,187.06. No motion for enlarged findings under Iowa R.Civ.P. 179(b) was filed nor did plaintiff seek a new trial.

On February 8, 1978, plaintiff filed a motion for an order nunc pro tunc, asserting the trial court had made an "evident" mistake in allowing defendant credit for $54,000.00 when the actual credit should have been $40,000.00. The trial judge notified defendant's counsel by telephone that such an application had been filed and that he intended to grant the relief asked, thus increasing the judgment by $14,000.00. The record does not show, nor is it claimed, that defendant's counsel waived hearing on the application.

After the order nunc pro tunc had been entered, defendant formally objected because he was given no opportunity to resist the motion and because the original judgment was correct.

It is conceded the only *payments* made by defendant to plaintiff totalled $40,000.00, not $54,000.00; but defendant claims his payments plus the *credits* to which he is entitled amount to the latter figure.

■ We do not reach the merits of the controversy because procedurally the nunc pro tunc order is fatally defective and cannot be permitted to stand. We are not dealing here with the court's power to act. Both at common law and by statute, our courts have jurisdiction to correct their own judgments by nunc pro tunc order. *Hobson v. Dempsey Construction Company*, 232 Iowa 1226, 1232, 7 N.W.2d 896, 899 (1943). However, this authority must be exercised in a manner fair to all parties.

Although we have held notice is unnecessary under some circumstances, we have suggested it is better practice even in those cases to afford the opposing party an oppor-

tunity to resist. *Hobson*, 232 Iowa at 1233, 7 N.W.2d at 900; *Hamill v. Joseph Schlitz Brewing Company*, 165 Iowa 266, 289, 143 N.W. 99, 108 (1914). As recently as *State v. Steffens*, 282 N.W.2d 120, 123 (Iowa 1979), the dissent pointed out that a nunc pro tunc order without notice is "contrary to our case law." See *Petersen v. Eitzen*, 173 N.W.2d 848, 850 (Iowa 1970); *Chariton & Lucas County National Bank v. Taylor*, 210 Iowa 1153, 1160, 232 N.W. 487, 490 (1930); *Arnd v. Poston*, 199 Iowa 931, 933, 203 N.W. 260, 261 (1925); *Snyder v. Fahey*, 183 Iowa 1118, 1123, 168 N.W. 117, 119 (1918); *Hamill*, 165 Iowa at 273, 143 N.W. at 102; *Kwentsky v. Sirovy*, 142 Iowa 385, 394, 121 N.W. 27, 31 (1909).

■ The present nunc pro tunc order without notice and hearing unfairly prejudiced defendant's rights. We therefore set it aside as void.

■ Having decided this, we must next determine what relief should be granted. We hold the case must be remanded for hearing on plaintiff's application for a nunc pro tunc order. Plaintiff, of course, has the burden to show by a preponderance of the evidence the facts which he claims make such an order appropriate. Defendant may counter with evidence seeking to uphold the judgment as originally entered.

■ Perhaps we should review briefly what we have said in earlier cases about the proper function of nunc pro tunc orders. Literally nunc pro tunc means "now for then." *Black's Law Dictionary* 1218 (Rev. 4th ed. 1968). A nunc pro tunc entry makes the record show now what was actually done then. See *Feddersen v. Feddersen*, 271 N.W.2d 717, 718 (Iowa 1978); *State v. Onstot*, 268 N.W.2d 219, 220 (Iowa 1978); *Headley v. Headley*, 172 N.W.2d 104, 108 (Iowa 1969). Its purpose is "to make the record show truthfully what judgment was actually rendered . . . ." *General Mills, Inc. v. Prall*, 244 Iowa 218, 225, 56 N.W.2d 596, 600 (1953). "*It is not for the purpose of correcting judicial thinking, a judicial conclusion or mistake of law.*" *Headley*, 172 N.W.2d at 108 (emphasis add-

ed).  *See also Steffens*, 282 N.W.2d at 122–23;  46 Am.Jur.2d *Judgments* § 201, at 443–44 (1964).  Thus if a court makes an error of fact or law in arriving at its judgment, the appropriate remedy is not by way of a nunc pro tunc order but by other available procedures such as a motion under rule 179(b), R.Civ.P., or a motion for new trial under rule 244, R.Civ.P.  This is apparent from the present statutory authority which limits the nunc pro tunc power of the court "*only* to correct an evident mistake." § 602.17, The Code (emphasis added).  *See Feddersen*, 271 N.W.2d at 719.

Because the intent of the trial judge is crucial to the determination of whether a nunc pro tunc order is appropriate to "correct" a record, the manner of determining the trial judge's intent is important.  *See Headley*, 172 N.W.2d at 109.  We have not overlooked the fact that the trial court in its nunc pro tunc order said the original decree was the result of a scrivener's mistake.  However, at another point the record shows the trial judge announced he did not recall how he arrived at the figures in the decree.

 Other factors, too, may tend to support or defeat a finding of evident mistake.  A literal reading of a judgment producing a result "so unusual as to be startling" might be proof of an "evident mistake."  *See Headley*, 172 N.W.2d at 106.  An alleged mistake of a type "easily made and easily overlooked," such as an error in name or date, may more readily be found to be an evident mistake than something not easily overlooked, such as a matter called to the attention of the judge at the time of judgment.  *Id.*  Time is also a relevant factor; the more time that passes, the more evident and manifest the alleged error must be before a nunc pro tunc entry is proper. *Id.* at 108–09 (citing *Hurley v. Dubuque Gas Light and Coke Company*, 8 Iowa 273, 276 (1859)).  We express no opinion as to plaintiff's right to relief.  We hold only that defendant was entitled to resist the application.

We set aside the nunc pro tunc order and remand for a hearing on plaintiff's application.

REVERSED AND REMANDED.

All Justices concur except REES, J., who takes no part.