**In re the MARRIAGE OF Jacquelyn Marie BIRD and Larry Calvin Bird.**

**Upon the Petition of Jacquelyn Marie Bird, Petitioner-Appellee, And Concerning Larry Calvin Bird, Respondent-Appellant.**

**No. 2–68305.**

Court of Appeals of Iowa.

Jan. 26, 1983.

Danny C. Wilmoth and Thomas R. Isaac, Des Moines, for respondent-appellant.

Richard D. Hermann, Des Moines, for petitioner-appellee.

PER CURIAM.

Respondent-husband, Larry Calvin Bird, appeals from entry of a nunc pro tunc order clarifying the terms of the property settlement portion of the parties' dissolution decree. He asserts that the clarification altered the decree to take away property he received under the original decree. We reverse.

The 1981 dissolution decree awarded the wife the parties' home, valued at $80,000, subject to an encumbrance of approximately $37,700. The husband and his mother were granted liens against the real estate in

the amounts of $6,150 and $10,000, respectively, to be paid within one year. The decree provided that if it was necessary to sell the home in order to satisfy the liens the net profits from the sale should be applied as follows: the first $25,000 to the wife; the next $10,000 to the husband's mother; the next $5,000 to the husband; and the next $2,300 to be divided equally between the parties, with any balance remaining to go to the wife. The decree further stated that upon payment of those amounts the "liens shall be satisfied regardless of whether there was an adequate amount from the sale price to fully satisfy the liens." Upon the wife's application for clarification of the decree, the trial court entered an order nunc pro tunc changing the decree to provide that upon sale of the home the wife "shall be entitled to the first $25,000 and all subsequent lienholders shall be paid only to the extent that the sale price exceeds the selling costs, taxes, and mortgages of the property, and in the event the sale price does not exceed any one lien as listed in the Decree, it shall not constitute a lien to cloud the title to the real estate."

**I. Scope of Review.** Since this is an action in equity, our review is de novo. Iowa R.App.P. 4.

**II. Propriety of Nunc Pro Tunc Order.** The court in *Wirtanen v. Provin*, 293 N.W.2d 252 (Iowa 1980), discussed the dual functions of a nunc pro tunc order as (1) to "show now what was done then" and (2) to correct an omission where no judgment had been entered due to "ministerial error or oversight by the court." *Id.* at 255. *See also State v. Walker*, 304 N.W.2d 193, 196 (Iowa 1981). The present case falls into the former category.

The function of a nunc pro tunc order premised on the "now for then" theory was reviewed by the court in *McVay v. Kenneth E. Montz Implement Co.*, 287 N.W.2d 149 (Iowa 1980).

> Perhaps we should review briefly what we have said in earlier cases about the proper function of nunc pro tunc orders. Literally nunc pro tunc means "now for

then." *Black's Law Dictionary* 1218 (Rev. 4th ed. 1968). A nunc pro tunc entry makes the record show now what was actually done then. *See Feddersen v. Feddersen*, 271 N.W.2d 717, 718 (Iowa 1978); *State v. Onstot*, 268 N.W.2d 219, 220 (Iowa 1978); *Headley v. Headley*, 172 N.W.2d 104, 108 (Iowa 1969). Its purpose is "to make the record show truthfully what judgment was actually rendered . . . ." *General Mills, Inc. v. Prall*, 244 Iowa 218, 225, 56 N.W.2d 596, 600 (1953). *"It is not for the purpose of correcting judicial thinking, a judicial conclusion or mistake of law."* *Headley,* 172 N.W.2d at 108 (emphasis added). *See also [State v.] Steffens*, 282 N.W.2d [120] at 122–23 [ (Iowa 1979) ]; 46 Am.Jur.2d *Judgments* § 201, at 443–44 (1964). Thus if a court makes an error of fact or law in arriving at its judgment, the appropriate remedy is not by way of a nunc pro tunc order but by other available procedures such as a motion under rule 179(b), R.Civ.P., or a motion for new trial under rule 244, R.Civ.P. This is apparent from the present statutory authority which limits the nunc pro tunc power of the court *"only* to correct an evident mistake." § 602.17, The Code (emphasis added). *See Feddersen,* 271 N.W.2d at 719.

*Id.* at 150–51.

Factors to be considered when evaluating the propriety of a nunc pro tunc order include: 1) intent of the trial judge; 2) whether the mistake is an "evident mistake;" and 3) the time elapsed from the original judgment to the application for a nunc pro tunc order. *Id.* at 151. "Whether there was a 'mistake' depends ultimately upon judicial intention; whether the record is 'evidently' at odds with that intention, is likewise dependent, the dependency in both instances being proportionate to the required quantum of proof." *Headley v. Headley,* 172 N.W.2d 104, 109 (Iowa 1969).

**A. Judge's Intent.** In our review of the facts of this case, we are seriously hampered by an inadequate record which consists only of petitioner's application for the order and the order itself. Evidently, no transcript was made of the hearing on the

application. As in *Headley,* "[e]xcept for the decree itself there is nothing before us to show the judgment or intent of the trial judge." 172 N.W.2d at 107. The respondent's brief states: "The Court merely indicated that what the Court said in the Original decree, dated March 5, 1981, was not what the court meant. (No record made)." Brief at 5.

In this case, the trial judge who entered the nunc pro tunc order also entered the original decree. *Compare Headley v. Headley,* 172 N.W.2d at 108. *See also State v. Harbour,* 240 Iowa 705, 710, 37 N.W.2d 290, 293 (1949) ("... it is the general practice in this jurisdiction that the judge who made the order hear and determine applications to correct it.") Interpretation given a decree by the judge who enters the original decree is given weight by this court. *See In re Cooper's Estate,* 215 N.W.2d 259, 260 (Iowa 1976). The judge recites in the preface to his nunc pro tunc order that he reviewed his notes taken during trial before granting the nunc pro tunc order.

**B. Time Lapsed.** The time which elapsed between the original decree and the application for the nunc pro tunc order was approximately 10 months. The indebtedness owed respondent by petitioner became due within a year from the entry of the original decree. We consider these facts in our resolution of this controversy as well.

**C. Evident Mistake.** We next examine whether this was an "evident mistake" properly subject to a nunc pro tunc order. As stated above, "whether there was a 'mistake' depends ultimately upon judicial intention; ...," *Headley v. Headley,* 172 N.W.2d at 109.

Under the original decree the liens were to be satisfied "regardless of whether there is an adequate amount from the sale price to fully satisfy said liens." In the nunc pro tunc order the court stated that the lienholders "shall be paid only to the extent the sale exceeds the selling costs, taxes mortgage of the property and in the event the sale price does not exceed any one lien as listed in the Decree it shall not constitute a lien to cloud the title to the real estate." We believe that the nunc pro tunc order clearly realigns the parties' substantive rights in the property settlement by taking away the protection of the liens in the event the petitioner were required to sell the property to satisfy the awards to respondent and his mother.

While we presume that the trial court was aware of its intention at the time of the entry of the original decree, we conclude that the record in this case is inadequate to permit a determination of the judge's intent at that time. "Plaintiff of course, has the burden to show by a preponderance of the evidence that facts [she] claims make such an order appropriate. Defendant may counter with evidence seeking to uphold the judgment as originally entered." *McVay,* 287 N.W.2d at 150. On the record before us we cannot determine whether petitioner has sustained her burden of proof. Additionally, respondent should be permitted to introduce evidence regarding the intention of the trial court in entering the original decree. A remand to determine whether the court acted within the scope of section 602.17 is appropriate under such instances. *See Headley,* 172 N.W.2d at 109. Accordingly, we remand this case with directions to make a record affirmatively showing that the nunc pro tunc order merely corrects the original decree to show what judgment was actually rendered.

REMANDED WITH DIRECTIONS.