# IN THE COURT OF APPEALS OF IOWA

No. 18-0573
Filed April 3, 2019

IN RE THE MARRIAGE OF DOUGLAS WHALEN, JR.
AND MORGAN WHALEN

Upon the Petition of
DOUGLAS WHALEN, JR.,
        Petitioner-Appellee,

And Concerning
MORGAN WHALEN,
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.

        Morgan Whalen appeals from the district court order granting Douglas

Whalen's motion to reconsider provisions of the parties' dissolution decree.

**ORDER VACATED.**


        Michael J. McCarthy of McCarthy, Lammers & Hines, LLP, Bettendorf, for

appellant.

        Peter G. Gierut and Robert S. Gallagher of Gallagher, Millage & Gallagher,

P.L.C., Bettendorf, for appellee.


        Considered by Vogel, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Morgan Whalen appeals from the district court order granting Douglas Whalen's (D.J)[1] motion to reconsider provisions of the parties' dissolution decree. She contends that the court erred by failing to deny D.J.'s motion as untimely since it was filed eighteen days after the district court entered the decree dissolving the marriage. Because the motion was untimely and no extension of time for good cause was granted, the district court did not have jurisdiction to enter the order. Consequently, we reverse and vacate the district court's order.

## I. Background Facts and Proceedings.

D.J. and Morgan were married in 2015. They have one child, born in 2016. D.J. filed a petition for dissolution of marriage on July 19, 2017. Trial was held on January 23 and 24, 2018. The primary issues at the trial concerned custody and support of the child. D.J. testified at trial that as a part of his employment benefits package, he was offered health insurance benefits at a cost of $174 per month for single medical coverage and $806 per month for family medical coverage. Prior to trial D.J. provided the court with a child support guidelines worksheet that listed his "Allowable Children's Portion of Health Insurance Cost" as $632.00. Under that cost is the notation, "Calculation override. Reasonable cost for [D.J.] is $143.00." He anticipated his health insurance benefits would begin in about a month.

The district court entered a decree of dissolution of marriage on January 26, 2018, granting the parties joint legal custody and "joint shared care" of the child.

---

[1] Douglas Whalen prefers to be called "D.J." and was referred to in that manner in the district court. We will do so as well.

Pursuant to the child support guidelines attached to the decree, the court ordered D.J. to pay $126.27 per month in child support.

Concerning the issue of medical insurance, the court found "D.J. is providing family health insurance which covers him and the parties' child for $806 per month. Morgan did not testify that health insurance was available to her through her employment." The court then ordered "that D.J. shall provide health insurance for the minor child so long as this is available to him/her at minimal cost. Minimal cost means that the cost of insurance does not exceed $250 per year." The court also ordered

> that medical support shall be ordered for the minor child pursuant to Iowa Code Chapter 252E as follows: D.J. has a health benefit plan available that could cover the child. The plan is accessible and the cost is reasonable, as provided by Iowa Code Chapter 252E. An accessible plan is defined as one with no service area limitations, or, if it has service area limitations, the dependent lives within 30 miles or 30 minutes of a network primary care provider. Both parents may consent to a plan if it doesn't meet the definition of accessible. The cost to add the child is determined to be reasonable. Therefore, D.J. shall provide, as medical support, a health benefit plan for the child as provided in 252E.

The court further ordered "that D.J. shall be liable for the first $250.00 per calendar year of uncovered medical expenses. If uncovered medical expenses for the child exceeds $250.00 per year, D.J. shall pay 60% and Morgan shall pay 40% of the excess cost as provided by the Iowa Supreme Court Guidelines."[2] The child support guidelines worksheet attached to the decree did not credit either party for the cost of the minor child's health insurance.

---

[2] Iowa Court Rule 9.12(5) provides, in relevant part, "In cases of joint physical care, the parents shall share all uncovered medical expenses in proportion to their respective net incomes."

D.J. filed a motion to reconsider on February 13, 2018, requesting "that the Court reconsider the ruling in which the incorrect Iowa Child Support Guidelines were used to determine Child Support." D.J. stated that he pays $632.00 per month to cover the minor child under his health insurance through his employer and the child support guidelines worksheet attached to the court's decree did not give him credit for covering the minor child's health insurance. Attached to D.J.'s motion was the same child support guidelines worksheet he previously furnished to the court showing Morgan "owes the offset amount of $74.67 monthly." Morgan resisted D.J.'s motion as untimely.

In an order filed on March 12, 2018, the court granted D.J.'s motion to reconsider. The court's order, in its entirety, states: "The Court FINDS that [D.J.'s] motion to reconsider should be and is hereby GRANTED for the reasons set forth therein. Morgan will pay child support to Douglas of $74.67 per month commencing April 1, 2018." Morgan filed a timely notice of appeal.

## II. Standard of Review.

The parties both agree that this is an action in equity and contend our review is de novo. *See* Iowa R. App. P. 6.907; *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005) (utilizing de novo review in consideration of whether a rule 1.904(2) motion was untimely).

## Discussion.

Iowa Rule of Civil Procedure 1.904(2) provides, in relevant part:

> On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be reconsidered, enlarged, or amended and the judgment or decree modified accordingly or a different judgment or decree substituted.

Thus, D.J.'s motion was required to be filed within fifteen days of the entry of the decree for dissolution of marriage. *See* Iowa R. Civ. P. 1.1007 ([providing a motion for new trial "must be filed within fifteen days after filing of the verdict, report or decision . . . unless the court, for good cause shown . . . grants an additional time not to exceed 30 days"). Furthermore, Iowa Rule of Civil Procedure 1.904(3) provides,

> a rule1.904(2) motion to reconsider, enlarge, or amend another court order, ruling, judgment, or decree will be considered timely if filed within 15 days after the filing of the order, judgment, or decree to which it is directed.

Since the fifteenth day fell on a Saturday, D.J. had until Monday February 12, 2018, to timely file his motion. *See* Iowa Code § 4.1(34) (2018). D.J. filed his motion on February 13th, just one day late. He did not request an extension of time to file the motion, nor did he claim any good cause for the untimely filing. Despite Morgan's resistance on grounds of untimeliness, the district court granted the motion. It appears there was no hearing on the motion.

Our supreme court has repeatedly held that the timeliness of posttrial motions is jurisdictional and any extension of time must be filed through a motion before the time period for filing the motion expires. *See, e.g., State v. Olsen,* 794 N.W.2d 285, 287 (Iowa 2011) ("[A]bsent a valid post-judgment motion, a district court loses jurisdiction over a matter once a final judgment is rendered."); *State ex rel. Miller v. Santa Rosa Sales & Mktg., Inc.*, 475 N.W.2d 210, 213–14 (Iowa 1991) ("The timeliness of post-trial motions and appeal is a matter of jurisdiction . . . ."); *Graber v. Iowa Dist. Ct.*, 410 N.W.2d 224, 229 (Iowa 1987) ("We have repeatedly held that the district court is without jurisdiction to address the merits of a [now rule

1.904(2)] motion beyond the [now 15] day limit of Iowa Rule of Civil Procedure [now rule 1.1007])" (citations omitted); *Snyder v. Allamakee County,* 402 N.W.2d 416, 418 (Iowa 1987) ("If a judgment is final, not only is a right of appeal created, but, absent timely post-judgment motions, district court has no power or authority to return the parties to their original positions." (citations omitted)); *Hogan v. Chesterman*, 279 N.W.2d 12, 14 (Iowa 1979) ("[J]urisdiction is lost by the untimeliness of a post-trial motion."); *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 471 (Iowa 1978); *Hammon v. Gilson*, 291 N.W. 448, 452 (Iowa 1940); *Workman v. Dist. Ct.*, 269 N.W. 27, 28 (Iowa 1936). D.J. did not file any request for additional time before the expiration of the deadline. He did not and does not advance any good cause for his untimely filing. Thus, the district court was without jurisdiction to grant the motion and we are therefore compelled to vacate the court's post-decree order. This seems like an extraordinarily harsh result under the circumstances. Nevertheless, "[w]e are not at liberty to overrule controlling supreme court precedent." *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa 2014).

To sidestep the untimeliness impediment, D.J. contends that although his motion was labeled as a motion to reconsider, the intent of the motion was to correct an error in the court's ruling and was therefore a request for a nunc pro tunc order. *See Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 395 (Iowa 1988) ("The label attached to a motion is not determinative of its legal significance; we will look to its content to determine its real nature."). Specifically, D.J. contends that the intent of his motion was to ask the court to correct its mistake in failing to include the cost of the minor child's health insurance in the child support guidelines worksheet attached to the decree. D.J. relies on the assertion that the court's

power to make a nunc pro tunc order is inherent and "not lost by the mere lapse of time." *Freeman v. Ernst & Young*, 541 N.W.2d 890, 893 (Iowa 1995); *see also Locher v. Livingston*, 150 N.W. 614, 615 (Iowa 1915).

"[I]n the absence of a timely motion . . . , a trial court may not alter or undo a final judgment except in cases where the court corrects its ruling nunc pro tunc to conform to what was actually intended by the court when the judgment was rendered." *Graber*, 410 N.W.2d at 228. A court may properly use a nunc pro tunc order to correct clerical errors, errors that are "not the result of judicial reasoning and determination." *State v. Naujoks*, 637 N.W.2d 101, 113 (Iowa 2001). "A nunc pro tunc order is not appropriate to rescue subjective judicial intentions when a judge failed in any way to act on those intentions in entering judgment." *State v. Steffens*, 282 N.W.2d 120, 122 (Iowa 1979). It "cannot be used to remedy an error in judicial thinking, a judicial conclusion, or a mistake of law." *Naujoks*, 637 N.W.2d at 113; *accord Steffens*, 282 N.W.2d at 122 (stating "a nunc pro tunc order is not available to correct a judicial, as distinguished from a clerical, error"); *Headley v. Headley*, 172 N.W.2d 104, 108 (Iowa 1969). In addition, it "is not an alternative to the established procedures to alter, vacate, or modify judgments under our procedural rules." *Steffens*, 282 N.W.2d at 122.

"Because the intent of the trial judge is crucial to the determination of whether a nunc pro tunc order is appropriate to 'correct' a record, the manner of determining the trial judge's intent is important." *McVay v. Kenneth E. Montz Implement Co.*, 287 N.W.2d 149, 151 (Iowa 1980) (citing *Headley*, 172 N.W.2d at 109. In its decree, the court found that "D.J. is providing family health insurance which covers him and the parties' child for $806 per month." The court then

ordered "that D.J. shall provide health insurance for the minor child so long as this is available to him/her at minimal cost. Minimal cost means that the cost of Insurance does not exceed $250 per year." In his motion to reconsider, D.J. asserts he was paying $632 per month to cover the parties' minor child's health insurance—the difference between single medical coverage ($174/month) and family coverage ($804/Month). The court made no mention of the $632 per month cost in its decree. As to child support, the decree provides that "Pursuant to the Child Support Guidelines Worksheet attached hereto, D.J. is ORDERED to pay child support in the amount of $126.27 per month." In its post-decree order, the court did not indicate the order was nunc pro tunc nor did the court say the decree's child support provision was the result of a scrivener's mistake. Under this record, the most we can discern is that entry of the post-decree order was recognition by the district court that it had made a judicial mistake in the original decree.

D.J.'s motion did not draw the court's attention to a typo or scrivener's error that occurred in the drafting of the decree, but instead asked that the "proper" child support guidelines be used to determine the amount of child support due from one party to the other. By entering the order, the court was not merely correcting a clerical error in the prior decree. *See Feddersen v. Feddersen*, 271 N.W.2d 717, 718 (Iowa 1978). By giving D.J. a credit for the child's health care coverage required recomputation of the child support due.[3] Engaging in such a

---

[3] The worksheet D.J. furnished to the court states: Allowable Children's Portion of Health Insurance Cost $632.00 D.J. $0.00 Morgan. *Calculation override. Reasonable cost for D.J. is $143.00.

recomputation is not merely correcting a scrivener's error. Therefore, the court's order cannot be characterized as a nunc pro tunc order.

**III. Conclusion.**

The district court lacked jurisdiction to grant D.J.'s untimely posttrial motion to reconsider. Consequently, we reverse and vacate the district court's post-decree order.

**ORDER VACATED.**