# IN THE COURT OF APPEALS OF IOWA

No. 20-0949
Filed March 17, 2021

IN RE THE MARRIAGE OF DEBRA CHRISTINE DOBESH
AND SCOTT JEFFREY DOBESH

Upon the Petition of
**DEBRA CHRISTINE DOBESH, n/k/a DEBRA HARTSCHEN,**
 Petitioner-Appellee,

And Concerning
**SCOTT JEFFREY DOBESH,**
 Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

Scott Dobesh appeals the denial of his motion for an order nunc pro tunc. **AFFIRMED.**

Amanda L. Green of Takekawa & Green, PLLC, Ankeny, for appellant.

Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**BOWER, Chief Judge.**

On December 26, 2018, Scott and Debra Dobesh entered into a stipulation and agreement for dissolution of marriage. The decree was filed on December 27. Scott was ordered to make an equalization payment as part of the decree, which he did. Debra then filed a "Receipt and Satisfaction" in full with the district court on April 9, 2019.

In January 2020, Scott asserts he was reviewing a spreadsheet to help calculate the equalization payment for the stipulation. He contends that on the spreadsheet, a vehicle awarded to Debra in the stipulation was included in his list of assets rather than Debra's, but the spreadsheet is not included by reference or adopted in the stipulation or the decree of dissolution.

On February 21, Scott filed an application for order nunc pro tunc, seeking a reduction in the property settlement by $38,000—the stipulated value of the vehicle. The application included a copy of a spreadsheet, which had not been provided to the court at the time of the decree. Scott now seeks review of the district court's denial of his request for a nunc pro tunc order to amend the equalization payment.

"[T]he dual functions of a nunc pro tunc order a[re] (1) to 'show now what was done then' and (2) to correct an omission where no judgment had been entered due to 'ministerial error or oversight by the court.'" *In re Marriage of Bird*, 332 N.W.2d 123, 124 (Iowa Ct. App. 1983) (citation omitted). "Factors to be considered when evaluating the propriety of a nunc pro tunc order include: (1) intent of the trial judge; (2) whether the mistake is an 'evident mistake;' and (3) the time elapsed from the original judgment to the application for a nunc pro tunc

order." *Id.* (citation omitted). The burden was on Scott as plaintiff to show by a preponderance of the evidence that such an order was appropriate. *See id.* at 125.

The district court denied the application, stating:

> In this case the parties presented a signed stipulated agreement to the court and requested the court adopt and incorporate it into a decree which the court did. There was no error committed by the court in the adoption and incorporation of the stipulated agreement into the decree. *See, e.g.*, *Freeman v. Ernst & Young*, 541 N.W.2d [890,] 893-94 [(Iowa 1995)] (appropriate for court to correct interest rate applied to judgment when clerk of court used wrong interest statute); *People's Bank v. Driesen*, [No. 10-1676], 2011 WL 3925449, [at] *11 (Iowa Ct. App. 2011) (proper for court to change ruling using word "revocable" since use of word "irrevocable" was a clerical error made by court). The court's decree mirrored identically the stipulated agreement the parties presented to the court. There is no mistake made by the court to correct.
> Likewise, changing the decree as requested by respondent would modify the division of the property. Such a modification would be contrary to the stipulated agreement presented to the court when the decree was entered.

Finding no error, we affirm. *See* Iowa R. App. P. 6.1203.

*Attorney Fees.*

Debra requests $2,850 in attorney fees. The award of attorney fees is discretionary, and we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005) (citation omitted). Considering these factors, we decline to award attorney fees.

**AFFIRMED.**