# IN THE SUPREME COURT OF IOWA

No. 151 / 06-0468

Filed February 15, 2008

**STATE OF IOWA**,

    Appellee,

vs.

**ANTHONY LAMONT JOHNSON**,

    Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, David Schoenthaler, Judge.

Prisoner appeals a 2006 nunc pro tunc order clarifying a 1998 restitution order as beyond the authority of the district court. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.**

Anthony Lamont Johnson, Anamosa, pro se, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, and William E. Davis, County Attorney, for appellee.

**APPEL**, **Justice**.

In this case, a prisoner appeals a nunc pro tunc order clarifying a 1998 order of restitution. In 2006, the district court determined that the 1998 restitution order applied only to victim restitution, leaving petitioner responsible for other restitution, including court costs and attorneys' fees. The court of appeals agreed. For the reasons set forth below, we reverse.

## I. Factual and Procedural Background.

In 1989, Anthony Lamont Johnson was convicted of one count of burglary in the first degree, one count of sexual abuse in the second degree, and two counts of robbery in the first degree. The Scott County district court sentenced Johnson to twenty-five years on each of the four counts—the sentences for robbery to run concurrently, but the remainder to run consecutively. As part of his sentence, petitioner was additionally ordered to pay court costs, attorneys' fees, and victim restitution. Thereafter, a supplemental order of restitution was filed, establishing the amount of restitution for court costs and attorneys' fees. Subsequently, the Iowa Department of Corrections (IDOC) filed a restitution plan for Johnson in late 1989.

Although the record on appeal is incomplete, in 1993 Johnson challenged the IDOC's forfeiture of funds from his prison account. The district court granted Johnson's request for a restitution hearing, but denied his simultaneous request to be represented by counsel. No hearing ever took place. The record suggests that several scheduled hearings had to be postponed when the State failed to secure Johnson's availability by phone. In early 1998, presiding judge David Schoenthaler issued an order declaring that "if a telephone hearing is not held within 60 days, it is the ORDER of the Court that the defendant shall not be

responsible for restitution in this matter." Four months later in July, in the absence of a hearing, Judge Schoenthaler ordered, "Accordingly, the Defendant is not responsible for *any* restitution in this matter." (Emphasis added).

Johnson subsequently filed an Application for Order to Show Cause Why Plaintiff is Not in Contempt, alleging that the IDOC had failed to reimburse him several hundred dollars in violation of the July order. Thereafter the record before us is silent until July 2005, when the IDOC filed a new restitution plan. This plan showed an original balance of $3656.55 for attorneys' fees and $32.16 for court costs. A total of $703.02 had been repaid, leaving an outstanding balance of $2985.69. The petitioner filed a motion to compel, seeking to have $714.12 (plus interest) returned to him.

In January 2006, Johnson filed a Motion for Order Nunc Pro Tunc, once again seeking the return of his funds. On January 30, 2006, the district court issued an order nunc pro tunc. The order, however, found that the prior restitution order in 1998 referred to *victim* restitution only. As no funds were forfeited for victim restitution, the court determined that the IDOC properly seized funds as restitution for court costs and attorneys' fees.

Johnson appealed. We transferred the matter to the court of appeals. The court of appeals sustained the nunc pro tunc order. The court determined that the July 1998 restitution order dealt solely with victim restitution because that was the only issue before the court—the IDOC had not yet filed a restitution plan for court costs and attorneys' fees. We granted further review. Because we believe that the nunc pro tunc order exceeds the district court's authority, we reverse.

## II. Standard of Review.

We review actions at law, including nunc pro tunc orders, for correction of errors at law. *Freeman v. Ernst & Young*, 541 N.W.2d 890, 893 (Iowa 1995).

## III. Discussion.

The thrust of Johnson's appeal is that the 2006 order requiring him to pay restitution for his court costs and attorneys' fees is not a proper nunc pro tunc order as it amounts to an impermissible modification of the 1998 order, which extinguished any restitution obligation that he may have otherwise had arising out of his prosecution and conviction of various crimes in 1989.

The State responds with two independent arguments. First, the State contends that the 2006 order is a proper nunc pro tunc order because it merely clarifies the judicial intent behind the 1998 order. Second, the State argues that even if the 2006 order does not qualify as a nunc pro tunc order, applicable law allows the State to seek to modify the restitution obligations of an incarcerated defendant at any time.

Turning first to the nunc pro tunc issue, the parties agree that nunc pro tunc orders are limited to situations where there is an obvious error that needs correction or where it is necessary to conform the order to the court's original intent. *Graber v. Iowa Dist. Ct.*, 410 N.W.2d 224, 229 (Iowa 1987). This court has emphasized that the function of a nunc pro tunc order is "to make the record show truthfully what judgment was actually rendered—'not an order now for then, but to enter now for then an order previously made.'" *Gen. Mills, Inc. v. Prall*, 244 Iowa 218, 225, 56 N.W.2d 596, 600 (1953) (quoting *Chariton & Lucas County Nat'l Bank v. Taylor*, 213 Iowa 1206, 1208, 240 N.W. 740, 741 (1932)). A court may not use a nunc pro tunc order "for the purpose of correcting judicial

thinking, a judicial conclusion or a mistake of law." *Headley v. Headley*, 172 N.W.2d 104, 108 (Iowa 1969). In reviewing a nunc pro tunc order, this court has declared that the intent of the trial judge is critical. *McVay v. Kenneth E. Montz Implement Co.*, 287 N.W.2d 149, 151 (Iowa 1980).

We conclude that the 2006 order is not an appropriate nunc pro tunc order. Our decision is influenced by several factors. First, the original 1998 order is unambiguous—no obvious error exists. The district court entered an order which in plain language extinguished "any restitution" obligation. The term "any" means "all." *State v. Bishop*, 257 Iowa 336, 341, 132 N.W.2d 455, 458 (1965) (" 'Any' means all or every."). Under Iowa law, restitution obligations include both the repayment of attorneys' fees and court costs incurred by the victim as well as attorneys' fees and costs incurred by the State resulting from the defense of the accused. Iowa Code § 910.1(4) (2005). The 1998 order plainly extinguishes all restitution obligations, regardless of their nature. Additionally, the passage of seven years is a factor which mitigates against the finding of obvious error. Under Iowa law, the more time that passes the more evident and manifest the alleged error must be before a nunc pro tunc entry is proper. *McVay*, 287 N.W.2d at 151.

Second, our interpretation of the 1998 court order is consistent with the aggravated procedural context of the case. At all times relevant to the restitution issue, Johnson was imprisoned by the IDOC. His ability to appear at a court-ordered hearing was completely dependent upon the cooperation of the State. In this type of situation, district courts routinely allow prisoners to appear for court hearings by telephone.

In this case, the State repeatedly failed in the simple task of making Johnson available by telephone to participate in court hearings on his restitution obligations. Aside from failing to make Johnson available, the State has also failed to provide any reason or excuse for its inability to comply with simple court directives. Confronted with the State's repeated failure to produce Johnson by telephone for the appointed hearings, the district court did not take precipitate action. Instead, the patient district court entered an order advising the State that it had sixty days to produce Johnson for a hearing. If the State did not comply with the court order, however, the district court warned that Johnson's restitution obligation would be extinguished.

The State inexplicably still did not respond to the court order, and sixty days passed without any action or explanation by the State. Two months thereafter, the district court entered the 1998 order extinguishing any restitution obligation of Johnson. The context of the 1998 order, therefore, demonstrates an objective intent by the court to put an end to the restitution issue. We find that the egregious nature of the procedural context of this case gives strong support to Johnson's position that the purpose of the 1998 order was to extinguish all restitution obligations.

Third, the language of the district court's 2006 order reveals that it is interpreting rather than merely correcting its earlier decision. In its 2006 order, the court does not provide any indication of its original intent—almost eight years prior—nor does it indicate that a clerical error was made in 1998. Instead, the court notes that the earlier order stated that Johnson "was not responsible for restitution" and concludes that the 1998 order "referred to victim restitution only."

We find the district court's approach problematic. The 1998 order did not state that Johnson was not responsible for "restitution," which might be ambiguous, but for "any restitution." An interpretation that the term "any restitution" referred to less than all restitution is simply not supported by the plain language of the order and its procedural history. Further, nunc pro tunc orders are not designed as a vehicle to interpret earlier court orders. *Graber*, 410 N.W.2d at 229.

The State argues, nevertheless, that even if the district court erred in issuing the nunc pro tunc order, Johnson is not entitled to relief. According to the State, the IDOC and the district court were well within their statutory authority to modify Johnson's restitution order. Iowa Code section 910.7(1) declares,

> At any time during the period of probation, parole, or incarceration, the offender or the office or individual who prepared the offender's restitution plan may petition the court on any matter related to the plan of restitution or restitution plan of payment and the court shall grant a hearing if on the face of the petition it appears that a hearing is warranted.

Iowa Code § 910.7(1). Further, Iowa Code section 910.7(2) specifically provides for modification of restitution plans at any time prior to the expiration of the offender's sentence.

We construe sections 910.7(1) and (2), however, to allow for modification only during "the pendency of the restitution plan." *State v. Izzolena*, 609 N.W.2d 541, 552 (Iowa 2000). In this case the 1998 court order extinguished the right of the State to collect "any restitution" from Johnson. No plan of restitution thereafter existed which could be modified under sections 910.7(1) and (2).

Furthermore, the State cannot now directly appeal the 1998 order. The supplemental order of restitution was a final order that fully adjudicated the rights of the parties with respect to "any restitution."

*See In re T.R.*, 705 N.W.2d 6, 10 (Iowa 2005) ("A final order or judgment is 'one that finally adjudicates the rights of the parties, and it must put it beyond the power of the court which made it to place the parties in their original positions. It is a determination which may be enforced by execution or in some similar manner.' " (quoting *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 627 (Iowa 2000))). As a final order, the time for direct appeal has lapsed. As a result, the effort to modify Johnson's restitution obligations under Iowa Code section 910.7 amounts to an impermissible attack on a final court order.

**IV. Conclusion.**

In summary, we conclude the 1998 order in this matter extinguished the State's right to any restitution from Johnson, including court costs and attorneys' fees. The 2006 district court order thus is not a valid nunc pro tunc order. Furthermore, the State may not evade the impact of the 1998 order by collaterally attacking it under the guise of an Iowa Code section 910.7 modification proceeding. As a result, the 2006 nunc pro tunc order is vacated, and the matter is remanded to the district court for further proceedings to enforce the terms of the 1998 order releasing Johnson from any restitution obligation.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.**