# IN THE COURT OF APPEALS OF IOWA

No. 14-0294
Filed March 11, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSE MANUEL RAMOS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Montgomery County, James S. Heckerman, Judge.

Jose Ramos appeals the judgment and sentence entered following his conviction of third-degree sexual abuse. **CONVICTION AFFIRMED, SENTENCE AND NUNC PRO TUNC ORDER VACATED, AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, and Bruce Swanson, County Attorney, for appellee.

Considered by Vaitheswaran, P.J., Tabor, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Jose Ramos appeals the judgment and sentence entered following his conviction of third-degree sexual abuse pursuant to Iowa Code sections 709.1 and 709.4(2)(c)(4) (2011) (performing a sex act on a person age fourteen or fifteen when the other person is four or more years older).[1] He contends his trial counsel was ineffective and the court erred when it impermissibly corrected an illegal sentence in a nunc pro tunc order.

We affirm Ramos's conviction but preserve his ineffective-assistance claims for a possible postconviction-relief action. Because a nunc pro tunc order is an improper means of correcting an illegal sentence, we vacate Ramos's sentence and the nunc pro tunc order. The case is remanded for resentencing.

**I. Ineffective Assistance of Counsel.**

Ramos raises two ineffective-assistance-of-counsel claims, which we review de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To establish he was provided ineffective assistance of counsel, Ramos must prove counsel failed to perform an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 693 (1984). To succeed, counsel's performance must fall below the "normal range of competence." *State v. McPhillips*, 580 N.W.2d 748, 754 (Iowa 1998). Prejudice is shown where there is a reasonable probability the outcome would have been different had counsel acted competently. *Ledezma v. State*, 626 N.W.2d 134, 145 (Iowa 2001).

---

[1] This section was recodified by the legislature in 2013 and now appears at section 709.4(1)(b)(3)(d). *See* 2013 Iowa Acts ch. 30, § 201.

The State alleged Ramos performed a sex act on B.H. in March 2012 when B.H. was fifteen and Ramos was twenty-eight years old. Ramos's first ineffective-assistance claim relates to the age requirement for his third-degree sexual abuse conviction. Deputy Sheriff Rick Mitchell testified that he used a database to determine Ramos was born in July of 1983. Ramos alleges competent counsel would have objected to this evidence as hearsay. The State argues Ramos cannot prove he was prejudiced because evidence of Ramos's age could have been introduced through Ramos's or his brother's testimony, or the jury could have concluded Ramos was four or more years older than B.H. by personal observation.

Ramos's second ineffective-assistance claim suggests the prosecutor made inappropriate statements during closing arguments and his attorney failed to object. Although there was physical evidence linking Ramos to a sex act with B.H., the main evidence was B.H.'s testimony. Ramos's counsel emphasized B.H. was intoxicated and had taken another person's prescription medication on the night in question, calling her ability to recall the events accurately into doubt. During closing arguments, the prosecutor made statements Ramos alleges bolstered B.H.'s credibility, as well as the prosecutor's, and implied B.H. would be harmed if the jury found Ramos not guilty. He claims competent counsel would have objected to these statements, which he alleges amount to prosecutorial misconduct.

In general, ineffective-assistance claims are not addressed on direct appeal. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). Where the record

needs to be developed further and counsel provided an opportunity to respond to the defendant's claims, we preserve ineffective-assistance claims for possible postconviction-relief proceedings. *Id.* Where more than one claim of ineffective assistance is raised on direct appeal, we can only dismiss the claim if the errors alleged do not cumulatively prejudice the defendant. *State v. Clay*, 824 N.W.2d 488, 501-02 (Iowa 2012). In order to allow the record of Ramos's claims to be fully developed, we preserve these claims for a possible postconviction-relief action.

## II. Nunc Pro Tunc Order.

Ramos next contends the court erred in correcting an illegal sentence with a nunc pro tunc order. The court initially sentenced Ramos to a term of incarceration not to exceed ten years but did not impose a special sentence of lifetime parole as required under section 903B.1. After Ramos appealed, the court entered a nunc pro tunc order to impose the special sentence. We review the court's nunc pro tunc order for correction of errors at law. *See State v. Johnson*, 744 N.W.2d 646, 648 (Iowa 2008).

Nunc pro tunc orders may only be used to correct an "obvious error" or conform the written order to the sentencing court's original intent. *Id.* Here, the court was changing the sentence it initially imposed to correct an illegal sentence rather than correcting an error in the written sentencing order. This is an improper use of a nunc pro tunc order. *See id.* at 649 ("A court may not use a nunc pro tunc order 'for the purpose of correcting judicial thinking, a judicial conclusion or a mistake of law.'" (quoting *Headley v. Headley*, 172 N.W.2d 104,

108 (Iowa 1969))).  Accordingly, we vacate the illegal sentence and nunc pro tunc order, and remand to the district court for resentencing.

**CONVICTION AFFIRMED, SENTENCE AND NUNC PRO TUNC ORDER VACATED, AND REMANDED FOR RESENTENCING.**