# IN THE COURT OF APPEALS OF IOWA

No. 14-1245
Filed June 24, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KRISTOPHER CHARLES CROOK,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Mahaska County, Randy S. DeGeest, Judge.

        The defendant appeals from an order denying his motion to correct illegal sentence. **AFFIRMED.**

        Julie DeVries of DeVries Law Office, P.L.C., Centerville, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Mary A. Triick, Assistant Attorneys General, and Charles A. Stream, County Attorney, for appellee.

        Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**MCDONALD, J.**

The defendant Kristopher Crook appeals from orders denying his "motion to correct sentence nunc pro tunc" and motion to reconsider the same. On appeal, he contends that his sentence may be the result of a clerical error or may be illegal and that his plea counsel was constitutionally ineffective for failing to request a reduction in the mandatory minimum sentence. We affirm the district court's orders denying Crook's motions and preserve his claim of ineffective assistance of counsel for possible postconviction relief proceedings.

Following a guilty plea, Crook was convicted of possession of more than five grams of methamphetamine with the intent to deliver, in violation of Iowa Code section 124.401(1)(b)(7) (2013). He was sentenced to a term of incarceration not to exceed twenty-five years with a mandatory minimum sentence of one-third of that time. *See* Iowa Code § 124.413. The district court advised the defendant of the mandatory minimum sentence at the time of plea and sentencing, and the defendant acknowledged his desire to plead guilty and proceed with immediate sentencing. In November 2013, Crook communicated to the court that he believed the one-third mandatory minimum was six years rather than eight years and asked for a new order to "get this straitend out." The district court denied the motion and denied Crook's motion to reconsider the same. In November 2014, Crook filed a "motion to correct sentence nunc pro tunc." In this motion, Crook contended the sentencing court failed to reduce the defendant's sentence pursuant to Iowa Code section 901.10(2) (providing for discretionary reduction of minimum sentence in certain conditions for offenses involving

amphetamine and methamphetamine). The district court denied Crook's motion and Crook's motion to reconsider the same. It is this later set of orders from which Crook appeals.

In the district court, the defendant claimed he was entitled to the sentencing reduction set forth in Iowa Code section 901.10(2) without identifying the legal basis for his claim. On appeal, he contends the district court's failure to include the sentencing reduction in the written judgment may be a clerical error. To the extent the motion could be construed to be a motion for order nunc pro tunc, we review the district court's ruling for correction of errors at law. *See State v. Johnson*, 744 N.W.2d 646, 648 (Iowa 2008). "[N]unc pro tunc orders are limited to situations where there is an obvious error that needs correction or where it is necessary to conform the order to the court's original intent. A court may not use a nunc pro tunc order for the purpose of correcting judicial thinking, a judicial conclusion, or a mistake of law." *Id.* at 648-49. Crook has not identified anything in the record demonstrating the judgment and sentence did not accurately reflect the district court's intended and pronounced judgment and sentence. We conclude the district court did not err in denying the motions.

On appeal, Crook's counsel contends the sentence may also be illegal. To the extent Crook's motion can be construed as a motion to correct illegal sentence, we review the order for correction of errors at law. *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). Pursuant to Iowa Rule of Criminal Procedure 2.24(5), a defendant can challenge an illegal sentence at any time. Challenges to an illegal sentence include claims that "the punishment meted out

was . . . in excess of that prescribed by the relevant statutes, multiple terms were imposed for the same offense . . . [or] the terms of the sentence itself [were] legally or constitutionally invalid in any other respect." *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009). On appeal, Crook has not identified the alleged illegality, and we find none. The sentence imposed was authorized by statute.

The defendant also contends that his plea counsel provided deficient representation by failing to request the sentencing reduction authorized by section 901.10(2). We conclude Crook's claim regarding his plea counsel's performance cannot be raised in this appeal from his motion to correct sentence nunc pro tunc. *See, e.g., State v. Allbee*, No. 13-0321, 2014 WL 1245329, at *2 (Iowa Ct. App. Mar. 26, 2014) ("But Allbee did not raise his claims challenging his plea in a postconviction proceeding and he offers no authority for his ability to raise such a claim for the first time on appeal from a motion to correct an illegal sentence."). Instead, we preserve the claim for a possible postconviction relief proceeding under Iowa Code chapter 822.

The judgment of the district court is affirmed.

**AFFIRMED.**