# IN THE COURT OF APPEALS OF IOWA

No. 15-1440
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM J. KIRCHNER JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Crystal S. Cronk,

District Associate Judge.


        The defendant appeals from the entry of a nunc pro tunc order amending

his sentence.  **SENTENCE VACATED, NUNC PRO TUNC ORDER VACATED,**

**AND REMANDED FOR RESENTENCING.**


        Jeffrey L. Powell of The Law Office of Jeffrey L. Powell, Washington, for

appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

William Kirchner appeals after the judgment entered on his conviction for possession of methamphetamine was amended to require his sentence be served consecutive to, rather than concurrent to, a sentence imposed in another matter. He challenges the court's use of a nunc pro tunc order to amend the judgment and asks that we remand for imposition of his original sentence. We vacate the nunc pro tunc order because it was not the proper method for amending Kirchner's sentence. We also vacate Kirchner's illegal sentence and remand to the district court for resentencing.

## I. Background Facts and Proceedings.

In August 2014, William Kirchner was arrested on a warrant after absconding from the residential facility to which he had been committed following a criminal conviction in Washington County. Because he was in possession of methamphetamine at the time of his arrest, the State charged Kirchner with possession of a controlled substance, third offense, a class "D" felony. Kirchner agreed to plead guilty to possession of a controlled substance, second offense, an aggravated misdemeanor, in exchange for a two-year prison sentence, which was to run concurrently with the sentence in the Washington County case. He asked to be sentenced immediately and waived his right to be present at sentencing.

The trial court accepted Kirchner's plea and sentenced him pursuant to the plea agreement, with his two-year sentence ordered to run concurrently with the Washington County sentence. However, two months after Kirchner was sentenced, the Iowa Department of Corrections raised questions about the

legality of concurrent sentences under Iowa Code section 901.8 (2013),[1] due to Kirchner's escape status at the time of the offense. On this basis, the county attorney filed an application for nunc pro tunc order, alleging Kirchner was "assigned to a Residential Facility at the time of the crime" and asking the court to correct Kirchner's sentence by imposing consecutive sentences. The application was granted eight days later, on December 11, 2014, without a hearing. The nunc pro tunc order lacked any findings of fact or conclusions of law and merely amended the judgment entry to require the sentence imposed be served consecutive to the sentence imposed in the Washington County case.[2]

Within two weeks of the nunc pro tunc order's entry, Kirchner wrote[3] to the district court, arguing the original judgment was valid, and if he was incorrect, he requested the option of withdrawing his plea. The court set the matter for hearing. New counsel appeared for Kirchner at the unreported hearing. The court ordered the parties to submit written briefs "on the issue of consecutive sentencing in this matter." In his written brief, Kirchner argued consecutive sentences were not required because he was not confined to a detention facility at the time of his arrest for the drug offense.[4] The State argued that for purposes of applying section 908.1, Kirchner was "confined" at the time. On July 28, 2015,

---

[1] Iowa Code section 901.8 provides: "If a person is sentenced . . . for a crime committed while confined in a detention facility or penal institution, the sentencing judge shall order the sentence to begin at the expiration of any existing sentence."

[2] Although the application indicates it was mailed to Kirchner's plea counsel, the record does not reflect whether or not Kirchner had notice of the application prior to entry of the nunc pro tunc order. In any event, Kirchner was given no opportunity to be heard prior to entry of the nunc pro tunc order.

[3] The handwritten letter is addressed to the district court judge and filed with the district court clerk. The letter does not purport to be a motion or pleading of any kind.

[4] Kirchner's alternative request to withdraw his plea was not articulated in his brief. Nor did Kirchner challenge the propriety of using an order nunc pro tunc to correct the court's legal error in ordering Kirchner's sentences be served concurrently.

the court entered its order, stating the nunc pro tunc order "remains in full force and effect."

Kirchner filed his notice of appeal on August 25, 2015. After the supreme court denied the State's motion to dismiss the appeal as untimely, the matter was transferred to this court.

## II. *Jurisdiction.*

In its appeal brief, the State again challenges Kirchner's appeal as untimely. Because this court does not have jurisdiction to hear an untimely appeal, we must address this issue before reaching the merits. *See State v. Olsen*, 794 N.W.2d 285, 289 (Iowa 2011).

Iowa Rule of Appellate Procedure 6.101(1)(b) requires that a notice of appeal be filed "within [thirty] days after the filing of the final order or judgment" or "within [thirty] days after the filing of the ruling on [a timely-filed] motion."[5] The State argues the December 11, 2014 nunc pro tunc order was a final appealable order under rule 6.101(1). Because Kirchner did not file a notice of appeal within thirty days of that order, the State argues his appeal was untimely.

Rather than appealing from the nunc pro tunc order, Kirchner challenged the amended sentence in his letter to the district court judge, which was filed with the clerk of court on December 24, 2014. Based on that letter, the court found "a hearing should be set." Later, after the hearing, the court ordered the parties to

---

[5] We note at the outset that an order nunc pro tunc relates back to the judgment it corrects and generally cannot extend the time for filing an appeal of that judgment. *See State v. Onstot*, 268 N.W.2d 219, 220 (Iowa 1978). However, an appeal from an order nunc pro tunc may lie where such an order is improperly used to modify a judgment based on an error in judicial reasoning and the appealing party had no reason to appeal the judgment prior to the modification. *See State v. Steffens*, 282 N.W.2d 120, 122 (Iowa 1979) (distinguishing *Onstot*).

file briefs on the issue of consecutive sentencing. Complying with the court's order, the parties filed their briefs in June 2015, addressing the question of whether consecutive sentences were appropriate in light of section 901.8. On July 28, 2015, the court filed an order stating that the nunc pro tunc order "remains in full force and effect" and denying Kirchner's request for concurrent sentences. Kirchner filed his notice of appeal within thirty days of that order. The question is whether an appeal may be taken from that order.

In his resistance to the State's motion to dismiss the appeal, Kirchner claimed the trial court "clearly regarded [his] letter as a legitimate motion to reconsider its order." The State seemingly concedes this point but argues Kirchner's letter did not extend the deadline to appeal under rule 6.101(1)(b) because it "raised only legal questions" and was therfore not a "proper" motion to enlarge or amend pursuant to Iowa Rule of Civil Procedure 1.904(2). *See McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 525 (Iowa 2015) (noting that "if a party files a timely and procedurally proper motion under [rule] 1.904(2), this extends the deadline for filing the notice of appeal to thirty days after the ruling on the motion"); *see also Hedlund v. State*, 875 N.W.2d 720, 725 (Iowa 2016) ("We have repeatedly stated that only a 'proper rule 1.904(2) motion' extends the time for appeal from the date of the original ruling.").

> [A] motion to enlarge or amend is available only to address rulings on factual issues tried without a jury and . . . any legal issues raised in the motion must have been addressed in the context of an issue of fact tried by the court without a jury. When a rule 1.904(2) motion amounts to nothing more than a rehash of legal issues previously raised, we will conclude the motion does not toll the time for appeal. By contrast, when used to obtain a ruling on an issue that the court may have overlooked, or to request the district court

enlarge or amend its findings when it fails to comply with rule 1.904(1), the motion is proper and will toll the time for appeal.

*Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 668-69 (Iowa 2013) (citations omitted).

We characterize Kirchner's letter as a proper rule 1.904(2) motion that extended the deadline for filing this appeal. Although the claim raised in the letter addressed the question of whether Kirchner was confined pursuant to section 901.8, it was not a purely legal question; instead, the issue required application of facts to the law. "The difference between the reconsideration of a ruling based on the application of facts to law and a ruling based solely on the law can be significant. A second hearing solely involving a legal issue is merely repetitive. It serves little purpose as a court procedure." *Meier v. Senecaut*, 641 N.W.2d 532, 538 (Iowa 2002) (citation omitted); *compare Kunau v. Miller*, 328 N.W.2d 529, 530 (Iowa 1983) (holding a rule 1.904(2) motion does not toll the time for appealing rulings on motions to dismiss for failure to state a claim upon which relief can be granted because no fact issues are raised in such motions), *with In re Estate of Hord*, 836 N.W.2d 1, 4-5 (holding rule 1.904(2) motion tolled time for appeal where the trial court failed to explicitly rule on question of whether remainder beneficiaries of one descendant should be treated differently than other remainder beneficiaries under the will and movants sought expanded findings and conclusions on that matter), *and Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 642 (Iowa 2013) (holding an appeal from a ruling on a rule 1.904(2) motion was timely where the motion challenged the trial court's standard of review—a legal issue that "inherently

requires . . . consideration of underlying questions of fact"). The argument Kirchner raised in his letter was not raised or addressed prior to the entry of the nunc pro tunc order, nor did Kirchner have the opportunity to raise the issue because the court entered the nunc pro tunc order without a hearing. Furthermore, the court considered no facts other than the allegation Kirchner "was assigned to a Residential Facility at the time of the crime." The court made no findings of fact or conclusions of law in entering its order nunc pro tunc. Legal issues were not addressed in the context of the facts. In no way can we brand Kirchner's letter as a repetitive motion that "amounts to nothing more than a rehash of [a] legal question." *Meier*, 641 N.W.2d at 538.

Because Kirchner's letter was a proper 1.904(2) motion, it tolled the time for filing an appeal. Consequently, Kirchner filed a timely appeal of the court's July 28 ruling. We therefore have jurisdiction to address the merits of Kirchner's appeal.

### III. Nunc Pro Tunc Order.

The purpose of a nunc pro tunc order is to make the record reflect the judgment that was actually rendered, and its use is limited to situations in which an obvious error requires correction or where correction is required to conform with the court's original intent. *See State v. Johnson*, 744 N.W.2d 646, 648-49 (Iowa 2008). It is not allowed "for the purpose of correcting judicial thinking, a judicial conclusion, or a mistake of law." *Id.* at 649. Therefore, when reviewing a nunc pro tunc order, the critical question is the trial court's intent in entering the original order. *See id.* Here, it is obvious the court was attempting to modify the judgment to correct an error in judicial thinking rather than making the judgment

comport with its intent in entering the original order. A nunc pro tunc order was the improper means to do so.

Although the State argues the district court arrived at the proper result, it concedes the nunc pro tunc order was the improper procedure for amending the judgment entered against Kirchner.[6] The appropriate method of correcting an illegal sentence is to vacate the original sentence and enter a correct one. *See State v. Suchanek*, 326 N.W.2d 263, 265 (Iowa 1982). Therefore, we vacate the nunc pro tunc order and Kirchner's illegal sentence, and we remand for a resentencing hearing,[7] at which Kirchner's presence is required. *See State v. Cooley*, 691 N.W.2d 737, 741 (Iowa Ct. App. 2004).

**SENTENCE VACATED, NUNC PRO TUNC ORDER VACATED, AND REMANDED FOR RESENTENCING.**

---

[6] We also note the nunc pro tunc order was entered without providing Kirchner both notice *and* an opportunity to be heard. This procedure also raises questions regarding the order's propriety. *See McVay v. Kenneth E. Montz Implement Co.*, 287 N.W.2d 149, 150 (Iowa 1980) (setting aside an order nunc pro tunc as void where the defendant's rights were unfairly prejudiced by lack of notice and hearing).

[7] Kirchner also challenges the voluntary nature of his guilty plea, arguing he could not knowingly relinquish his rights because he did not have a full understanding of the consequences of the plea because the parties and the court mistakenly believed his sentence could run concurrently with his Washington County sentence. He also argues his trial counsel was ineffective in allowing him to enter into a plea agreement that resulted in an illegal sentence. We do not address the merit of these claims on appeal. *See State v. Crook*, No. 14-1245, 2015 WL 3876754, at *2 (Iowa Ct. App. June 24, 2015) ("We conclude [the defendant]'s claim regarding his plea counsel's performance cannot be raised in this appeal from his motion to correct sentence nunc pro tunc."). Typically a defendant who pleads guilty may only challenge the plea by filing a motion in arrest of judgment within forty-five days after entering the plea and no later than five days before the date of pronouncing judgment. *See* Iowa R. Crim. P. 2.24(3). However, this requirement has no applicability where a defendant had no knowledge of the deficiency, and therefore no grounds for challenging the plea proceeding, prior to sentencing. *See State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014). Similarly, Kirchner had no objection to his guilty plea or grounds to challenge it prior to the entry of the nunc pro tunc order. Because we are remanding for resentencing, any challenge to the voluntariness of his guilty plea based on the court's failure to adequately inform him of the direct consequences of the plea is more appropriately raised and addressed below.