# IN THE COURT OF APPEALS OF IOWA

No. 21-1449
Filed October 19, 2022

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**TYLER JOSEPH THURSTON,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Martha L. Mertz (guilty plea) and Terry Rickers (sentencing), Judges.

Tyler Thurston appeals his sentences for sexual abuse in the third degree, possession of marijuana with intent to deliver, and child endangerment. **AFFIRMED AND REMANDED.**

Lanny M. Van Daele of Van Daele Law, LLC, North Liberty, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Tabor, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VOGEL, Senior Judge.**

In August 2021, Tyler Thurston orally entered—and the district court accepted—*Alford*[1] pleas to sexual abuse in the third degree, possession of marijuana with intent to deliver, and child endangerment. Under the plea agreement, the parties jointly agreed to recommend the court order him to serve indeterminate terms of incarceration of ten years for sexual abuse, five years for possession of marijuana, and two years for child endangerment, to run consecutively for a total term of incarceration not to exceed seventeen years. The parties also agreed to recommend the court suspend the prison sentence and place him on probation for three years. During the October sentencing hearing, the court ran the sentences consecutively but refused to suspend the prison sentence, imposing the full seventeen-year indeterminate term of incarceration. Thurston appeals, arguing the court abused its discretion in ordering consecutive sentences and declining to suspend incarceration.

> We begin our analysis of the challenge to the sentence in this case by observing that the decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters. An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable.
> In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005) (stating that, under an *Alford* plea, "the defendant made no admission of his guilt at the plea proceeding").

propensity of the offender, and the chances of reform. Furthermore, before deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing.

*State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002) (internal citations omitted).

As an initial matter, we note the trial information charged Thurston with sexual abuse in the third degree, alleging that Thurston performed a sex act with a child who was aged fourteen or fifteen and a member of the same household and that he performed a sex act by force or against the will of the child. During the plea hearing, the district court granted the State's motion to dismiss the "by force or against the will" language as part of the plea agreement. The ensuing colloquy makes clear Thurston only pleaded guilty to performing a sex act with a child aged fourteen or fifteen and a member of the same household under Iowa Code section 709.4(1)(b)(3)(a) (2020).[2] Nevertheless, the orders accepting his plea and entering judgment and sentence incorrectly cite to section 709.4(1)(a), which is the "by force or against the will" provision. Therefore, we remand for the limited purpose of issuing a nunc pro tunc order to reflect Thurston pleaded guilty to and was convicted and sentenced for sexual abuse in the third degree under section 709.4(1)(b)(3)(a). *See State v. Johnson*, 744 N.W.2d 646, 649 (Iowa 2008) ("[N]unc pro tunc orders are limited to situations where there is an obvious error that needs correction or where it is necessary to conform the order to the court's original intent.").

---

[2] This provision has since been renumbered as Iowa Code section 709.4(1)(b)(2)(a). *See* 2021 Iowa Acts ch. 37, § 4.

Turning to the abuse-of-discretion claim, Thurston during his plea hearing agreed the trial information with the attached minutes of testimony would establish his guilt beyond a reasonable doubt. The district court at the sentencing hearing discussed Thurston's presentence investigation report (PSI), which he acknowledged he reviewed with his counsel and did not object to the court using without additions, deletions, or corrections. The child subjected to sexual abuse, her sister, and her mother also provided victim impact statements. Thurston and the court then had the following exchange:

> THURSTON: First of all, I'd like to just apologize to everybody involved in this situation. I take full responsibility for everything I've done. No excuses. I'm ready to move forward with my life with treatment I need to take time to figure out how to stop this situation from happening again. I enjoy working. That's what I do with my time. I'd like to continue doing that. I made all my meetings since I've been released from jail. You know, I feel like I'm on a successful road. I'd like to continue that, your Honor.
>
> THE COURT: In your version of the offense in the [PSI] you wrote—and I'm quoting—"I asked [the child] if she wanted to have sex one night. She said yes and we did. I also would sell some marijuana to a few people I work with when they could not find any." Are you saying that's the full extent of your behavior in this case?
>
> THURSTON: Yes, your Honor. You know, we were flirtatious a few times, you know, but the actual situation, yes, that's all that occurred, your Honor.
>
> THE COURT: What prompted you to ask your teenage stepdaughter[3] whether or not she wanted to have sex?
>
> THURSTON: Well, your Honor, it was in a down moment in my life, you know. I just felt like we had a connection, you know, like I don't really know how to explain it, your Honor. It's a mistake. I'd like to learn to get myself out of that situation, you know.
>
> THE COURT: Is there anything else you want to tell me?
>
> THURSTON: No, your Honor.

---

[3] The record indicates the child is the daughter of Thurston's then-fiancé rather than his stepdaughter. He does not claim error from any misidentification of his relationship to the child.

The court provided the following reasoning for the sentences imposed:

> I've examined the Defendant's prior record. There is a prior record of note. I consider the impact on the victim in this case. The thing that troubles is I'm not detecting a whole lot of remorse from the Defendant, I'm really not, at least not sincere remorse. I'm just not. I'm just not detecting it at all. That's what troubles me.
>
> . . . .
>
> Because of the predatory nature of the offense, the fact that the Defendant does have prior convictions and the seriousness of the offense or the offenses, I should say, I believe it is appropriate to run the terms consecutively for a total of seventeen years.
>
> . . . .
>
> Now I have to decide whether or not I'm going to suspend the seventeen-year prison sentence. Again, rehabilitation, protection of the public are the key factors. It's not about revenge or vengeance. But again, I just can't get over the fact that I do not discern any appreciable remorse on the part of Mr. Thurston. And with all due respect to the plea negotiated by the parties in this case, I'm not going to suspend the sentence. I'm going to impose it.
>
> I'm sorry, sir. What you did to your stepdaughter was intolerable. And there's really such a long road ahead for her and the rest of her family to put her life back together because of what you did.

Thurston argues the court abused its discretion by failing to fully consider the plea agreement and failing to adequately explain its reasoning for imposing rather than suspending incarceration.

The court was not obligated to follow the plea agreement. *See State v. Wilbourn*, 974 N.W.2d 58, 67 (Iowa 2022). The court pointed to the need for rehabilitation and protection of the public. *See Formaro*, 638 N.W.2d at 724–25. The child's statement addressed how the sexual abuse affected her mental health and her family. *See State v. Lopez*, 872 N.W.2d 159, 174–75 (Iowa 2015) (discussing the role of victim impact statements at sentencing). The PSI shows Thurston, born in 1988, has a lengthy criminal record with multiple felony convictions and prison sentences. Moreover, the court placed considerable weight

on his lack of remorse. *State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005) ("[A] defendant's lack of remorse is highly pertinent to evaluating his need for rehabilitation and his likelihood of reoffending."). His statement at the hearing focused on his desire to move forward, offering a vague "apolog[y] to everybody involved in this situation," while taking "full responsibility for everything I've done." However, he then shifted responsibility to the child for agreeing to sex, remarking "we were flirtatious" and "we had a connection."

The sentencing court's statements show it fully considered the appropriate factors and explained its reasoning for not suspending the consecutive terms of incarceration. We find no abuse of discretion in the sentences imposed. We remand for the limited purpose of issuing a nunc pro tunc order to reflect Thurston pleaded guilty to and was convicted and sentenced for sexual abuse in the third degree under Iowa Code section 709.4(1)(b)(3)(a).

**AFFIRMED AND REMANDED.**